## BULL v. FULLER.

**Estates of Decedents:** ADMINISTRATORS IN DIFFERENT STATES: PAYMENT TO ONE: DISCHARGE AS TO THE OTHER. H., while residing temporarily in New York, made her will, naming plaintiff, of that state, as her executor. She had no property in that state, except a note made by defendant, which was deposited with R. for safe keeping. Afterwards, H. died at her home, in Vermont, and W. was appointed administrator of her estate there, and plaintiff was appointed as executor under the will in New York. Defendant, residing in Iowa, and knowing nothing of the will or of the New York executor, paid the amount of the note to W., the Vermont administrator, taking his receipt for the money. W. did not have

the note at the time of the payment, nor when this suit was begun. Auxiliary administration was granted to plaintiff in the county in Iowa where defendant resides, and he brought this action to recover the amount of the note. *Held* that payment to the administrator in Vermont was payment to the estate; and that plaintiff, representing the same estate, could not recover again. (Compare *Wilkins v. Ellis*, 108 U. S. 256.) This conclusion is reached without deciding the validity of the appointment of the plaintiff as executor in New York, nor that original administration may not be granted upon the same estate in two states.

*Appeal from Cass District Court.*— Hon. C. F. Loofbourow, Judge.

Filed, May 31, 1889.

This action is upon a promissory note, and the following, with certain eliminations, deemed unnecessary on this trial, is the agreed statement of facts on which the cause was submitted to the district court: "Philomela S. Hurlbut, in September, 1881, came to Essex county, New York, and took a room in the house of her daughter, Zemah Stephens, and continued to board and live there until August, 1882. While there she received the last payments on the note in suit, and directed said Zemah Stephens to make the endorsement now thereon. In August, 1882, being helpless and almost unconscious from paralysis, she was taken to Ferrisburgh, Vermont, and continued there until her death. That her domicile had been at Ferrisburgh, Vermont, prior to her going to New York; and when she went to New York she left her room furnished with her own furniture, and returned to the same room, which was so furnished, and occupied the same until her said death. While in the state of New York, and on the twenty-seventh day of November, 1881, she made her will, appointing Enos Bull, the plaintiff, of Essex county, New York, her sole executor, which will was, on the twenty-fourth day of January, 1884, presented for probate in the Essex county, New York, surrogate court; it being the proper court for probating wills in the state of New York. The above-described note was left in the state of New

York, Essex county, with one Enos Stephens, husband of one of the heirs, who deposited the same with one F. A. Rowe, an attorney of Keeseville, in said county, for safekeeping. The said Philomela S. Hurlbut, while residing in the town of Ferrisburgh, state of Vermont, died on the fourteenth day of November, 1883, leaving no property in the state of New York, except the note in question, and some furniture at said Stephens', in said county, and leaving in Vermont her household goods, as above stated. Said decedent left, as her sole and only heirs, all being of full age, Marion Hurlbut and Lewis Hurlbut, of Dallas county, Iowa; Hiram Hurlbut, of Massachusetts; Loraine Slatterly and Phila Booth, of Ferrisburgh, Vermont, and Z. Stephens, of New York. On the thirty-first day of January, 1884, such proceedings were had in the state of Vermont, whereby R. J. White was appointed administrator by the probate court in the state of Vermont, of the estate of said decedent, as of one dying intestate, and he entered upon his duties as such administrator. On the twelfth day of May, 1884, the defendant herein, while residing in Iowa, and knowing nothing of the existence of the will, mentioned herein, paid the said R. J. White, as such administrator, and acting as such, the amount of $656.56, taking his receipt therefor; the same being intended by the defendant as a payment of the amount due on said note. At the time of said payment by said defendant to said White, the actual possession of the said note in controversy was as stated above, and the said R. J. White has never been in possession of said note, and is not now in possession of said note, actually, but it is not intended by this agreement to prevent him from claiming such constructive possession through his appointment, or the appointment of the committeeman above, as may be legally done." Under the provisions of our statute, ancillary administration was granted in Cass county, in this state, to that in Essex county, New York, and the plaintiff duly qualified as executor. In the district court there was a judgment for the defendant, and the plaintiff appeals.

*R. G. Phelps*, for appellant.

*Phelps & Temple*, for appellee.

GRANGER, J.—Under the foregoing statement, it will be observed that administration is being had on the estate of Mrs. Hurlbut, both in New York and Vermont, and that both administrations are claimed as original, with disputed rights as to the proceeds of the note in suit. The arguments in the case would lead us to determine the dispute as between the respective representatives, not that the administrator in Vermont is a party here, but the argument proceeds upon the theory that there is but one rightful recipient of the proceeds of the note, and, if payment is made to another, it is no discharge of the debt. We are not disposed to consider the question of the validity of the appointment of the plaintiff as executor in New York, for we think the case may be disposed of consistently with the validity of both appointments, and we are by no means prepared to say that original administration may not be granted in two states upon the same estate. It is true that Mrs. Hurlbut died in Vermont, and we do not understand appellant to contend but that, as to property other than the note in suit, the administrator in Vermont is the rightful custodian; and, as to this note, the claim for administration in New York is based upon the fact that at the time of Mrs. Hurlbut's death the note was there. It is a question of some doubt if the mere presence of a note in a state other than the residence of the deceased owner would justify administration there. It is nearer in harmony with the authorities that the residence of the debtor is the property *situs* to justify such proceedings. *Wyman v. Halstead*, 109 U. S. 654; 3 Sup. Ct. Rep. 417. This point, however, we do not decide, as cases might arise in which notes, as property, would authorize administration. Our reference to the question here is to avoid any undue inference from the particular facts of this case. With the fact established that

administration in Vermont was authorized, and defend-
ant paid the note there before administrative proceed-
ings were adopted in New York, we think the question
is clearly settled upon authority.    In the case of *Wilkins
v. Ellett*, 108 U. S. 256; 2 Sup. Ct. Rep. 641, the *syllabus*
was prepared by the judge who wrote the opinion, and
is as follows:    "When a debt due to a deceased person
is voluntarily paid by the debtor at his own domicile, in
a state in which no administration has been taken out,
and in which no creditors or next of kin reside, to an
administrator appointed in another state, and the sum
paid is inventoried and accounted for by him in that state,
the payment is good as against an administrator after-
wards appointed in the state in which the payment is
made, although this is the state of the domicile of the
deceased."    That case is stronger against appellant than
the case at bar, as, in that case, the debtor went from
the domicile of the deceased and paid the debt, while
in this he went to the domicile and made the payment.
The court, in the opinion, uses this language:    "If a
debtor, residing in another state, comes into the state in
which the administrator has been appointed, and there
pays him, the payment is a valid discharge everywhere."
The significance of this language is much aided by the
fact that the case is one between administrators of the
same estate, deriving their authority from appointments
in different states, which, for practical purposes, is the
*status* of this case.

    This case involves no rights as to third parties.    It
is purely a question of locality of administration.    A
payment has been made to an unquestioned adminis-
trator, with no other administration at the time pend-
ing, and with the note merely deposited in another
state for safekeeping.    To allow an estate, under such
circumstances, to profit by a double payment of the
debt, or to compel a second payment, and require the
debtor to seek repayment from the administrator in
Vermont, when the money is already in the hands of a
representative of the estate, merely in the interest of a
double administration, would indeed be a burlesque

upon the administration of justice. The money is already in the estate. No citizen in New York claims any interest in this particular property. It is merely a question as to which of two representatives of the estate shall receive it. As to the defendant, that is a matter of no concern. The estate owned the note. It has the money. The defendant should not be required to answer further. We think the defendant's plea of payment is established. AFFIRMED.