WOODMANSEE, J.
The motion of the plaintiff before the court is that the second defense in the answer of the defendant be stricken out, for the *677 reason that the same is irrelevant and incompetent and not the subject of defense. It is equivalent to k demurrer.
This second defense alleges that plaintiff’s intestate, John F. Davis, Sr., died at Baldwin, Habersham county, Georgia, on April 24, 1910, and that at said time he was a resident of and had his domicile in said county and state, and that on the second day of May, 1910, Frank E. Ferris was duly appointed and qualified by the Court of Ordinary in said county and state, as administrator of said Davis’ estate; that on the 14th day of May, 1910, demand was made upon defendant by said administrator for the payment of the debt in controversy owing the decedent at the time of his death, and that the same being due was paid to said administrator on the 16th day of May following, without any knowledge of the alleged1 rights or claim of the plaintiff.
Plaintiff’s petition discloses that he was appointed administrator of the same estate on the 23d day of May, 1910, by the Probate Court of Scioto County, Ohio, and he prays judgment for the amount of said claim, to-wit, $449.68, and interest, and his counsel now urge upon this court that a previous payment to the Georgia administrator is not a discharge of the debt and is no defense to this action.
An exhaustive brief filed on this hearing by counsel for plaintiff dwells upon the' contention that the entry in the Probate Court of Scioto County, appointing an administrator can not be collaterally attacked, and that defendant’s only relief would be to file proceedings in the said court to have the appointment set aside, and until that is done he must respond to the demands of the plaintiff. As the court views it, that matter is not involved in this hearing. It is purely a question whether payment of an Ohio debtor to an administrator of an estate, appointed in some other state than Ohio prior to the appointment of an administrator in this state, is a satisfaction of the debt.
I quote from the decision in the case of Weizell, Administrator, v. The Cincinnati Savings Institution, W. L. J., page 393, as follows:
“Plaintiff’s intestate, residing in Tennessee, where he died, had deposited money with defendants. Administration was first *678 granted in Tennessee, and afterwards in this county (Hamilton county.) Defendants promised to pay the deposit to the Tennessee administrator, without notice that one had been appointed here, and paid after notice. The latter brought this suit. Held: That he could not recover, because, by the law of Ohio, a foreign administrator has authority to collect debts here and the liability attached at the time of making the promise.”.
This is a stronger case than the one before the court, for the reason that in the case at bar the money was paid over to the Georgia administrator before the appointment of the administrator in this state, and therefore without notice.
In the ease of Bull v. Fuller, 78 Iowa, 20, the debt was paid to the foreign administrator of the decedent’s estate without notice of an Iowa administrator, and it was held that said payment discharged the debt.' The court say:
‘ ‘ It is purely a question of locality of administration. • A payment has been made to an unquestioned administrator, with no other administration at the time pending, and with the note merely deposited in another state for safe keeping. To allow' an estate, under such circumstances, to profit by a double payment of the debt, or to compel a second payment and require the debtor to seek repayment from the administrator in Vermont, when the money is already in the hands of a representative of the estate, merely in the interest of a double administration, would indeed be a burlesque upon the administration of justice. All money is already in the estate. * * “ It is merely a question as to which of two representatives of the estate shall receive it. * * * As to the defendant, that is a matter of no concern. The estate owned the note. It has the money. * * * We think the defendant’s plea of payment is established.”
Section 10769 of the Ohio Code reads as follows:
“An executor or administrator, duly appointed in any other state or country, may commence and prosecute an action or proceeding in any court in this state, in his capacity as such, in like manner and under like restriction, as a non-resident is permitted' to sue. ’ ’
If the foreign administrator has the right to file a suit to collect a debt, he certainly has the right to collect the debt without a suit, if the debtor is willing to pay it.
*679 In view of all the circumstances in this case, and especially ' of the fact that the money was paid without notice of an appointment of an Ohio administrator, and before the appointment of such administrator; in view of the further apparent fact that the payment seems to have been made in the utmost good faith, it would seem to this court, both unreasonable and unjust that the defendant should be required to again pay the same obligation, and then to pursue the Georgia administrator to recover what he had paid. If the latter he would doubtless be met with the defense that such administrator not only had the fund, but that he was rightfully entitled thereto. Plaintiff’s motion is therefore overruled.
This decision also applies to ease No. 145868, Mark A. Crawford v. American Christian Missionary Society, being identical to this case as to the essential facts.