## *EX PARTE* WHITE.

### *IN RE* ESTATE OF PEEPLES.

1. PROBATE COURT—REVOKING LETTERS.—The Court of Probate, though of limited jurisdiction, is a court of record, and not an inferior court, as to matters clearly within its jurisdiction. Therefore, its grant of administration may be vacated only by a direct proceeding.

2. IBID.—IBID.—Where letters of administration have been granted by the Probate Court on proper application and notice, and without objection, and there is no appeal from this determination, petitioner, claiming to be the child of intestate, and first entitled in the order prescribed by statute, but having had actual notice of the prior proceeding, is not entitled to demand a revocation of the prior grant and a new grant to herself.

3. IBID.—IBID.—APPEAL.—While a probate judge may revoke letters of administration which he conceives to have been mistakenly granted, a higher court cannot, on appeal, reverse his order refusing to revoke his prior grant.

4. IBID.—IBID.—IBID.—Where the probate judge finds that his grant of letters was made with the knowledge and approval of a subsequent contestant, and that there was no fraud, and these findings are not disturbed by the Circuit Judge on appeal, they are binding on this court. And on these facts, and there being none subsequently discovered, the grant of letters, from which there was no appeal, should not be revoked.

5. IBID.—IBID.—ILLEGITIMACY.—An administrator will not be declared the illegitimate son of intestate, under proceedings instituted by a legitimate daughter of intestate to have the letters revoked and administration granted to her, after her approval of the former grant; her rights, if originally superior, have been waived.

Before IZLAR, J., Colleton, February, 1891.

The opinion states the case. The appeal came up upon several exceptions, the only ones considered being the first three, which were as follows:

1. Because the probate judge having found, as matters of fact, that not the slightest fraud was practiced on the court in procuring letters of administration, and that the petitioner, Georgianna White, had actual notice of such application, and requested the petitioner, R. W. Peeples, to procure the same, which finding is undisturbed by the judgment rendered herein on the appeal, it is respectfully submitted, his honor erred in reversing the order made by the probate judge, and directing,

in effect, the revocation of the letters of administration granted unto Rowland W. Peeples.

2. Because, it is respectfully submitted, that when letters of administration have been granted to a person not entitled by law to the same, as matter of right, such letters being issued with the full knowledge and concurrence of the person, who, in law, is the person who is entitled to receive the same, it is not the duty of the Probate Court to revoke such letters at the instance of the person so entitled, and that it was error in the Circuit Judge so to hold.

3. Because the petitioner, Georgianna White, having requested Rowland W. Peeples to administer on the estate of Thomas M. Peeples, the revocation of the letters was, at least, a matter resting in the discretion of the probate judge, and the probate judge having refused to revoke said letters, error could not be imputed to him in the exercise of such discretion, and it was error in the Circuit Judge to hold otherwise.

*Messrs. Howell, Murphy & Farrow,* for appellant.

*Mr. Charles Boyle,* contra.

November 25, 1892.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   Thomas M. Peeples departed this life intestate on February 1, 1888, and soon thereafter, February 6, Rowland W. Peeples filed his petition in the Probate Court of the County of Colleton, as follows: "1. That he is a son of the late Thomas M. Peeples, deceased. 2. That the said Thomas M. Peeples died intestate on February 1, 1888, leaving a considerable personal and real property, and that as no one has administered his effects, and they may be wasted, wherefore, your petitioner prays that letters of administration may be granted to him on the said estate. (Signed) Rowland W. Peeples; Edwards, *Pro Pet.*"   Whereupon, after due notice in accordance with law, on February 23, 1888, letters of administration were granted to the petitioner, to which there was no dissent, and from which there was no appeal.

On May 9, 1888, something more than two months after this

grant of administration, and after the time allowed for appealing had expired, Mrs. Georgianna White, a daughter of the intestate, residing in the county, applied by petition to the Probate Court of Colleton County, for a revocation of the letters so granted, and praying that letters of administration on the estate of her father, the intestate, be granted to her, basing her claim, substantially, upon two grounds, as follows: *First.* That she had no notice of the application for letters of administration; that at the time the said Rowland W. Peeples made application for and obtained the said letters, the petitioner was detained at home by sickness in her family, and had no knowledge that the said Rowland W. Peeples intended making application for the said letters; and that your petitioner was thereby prevented, in fraud of her rights, from resisting the grant of said letters to the said Rowland W., and that she did not waive her right to administer upon her father's estate. *Second.* That Rowland W. Peeples is not the legitimate son of the intestate, and is not entitled to the letters of administration; that he falsely and fraudulently represented himself to the probate judge as the lawfully begotten son of the said Thomas M. Peeples, and, through such false and fraudulent representations, obtained from the probate judge the grant of the said letters. To this petition, the administrator, Rowland W. Peeples, filed an answer, containing a general denial of all the material allegations made therein.

The probate judge heard testimony, including alleged copies (the originals having been destroyed by fire) of a record and decree of *divorce* rendered in the County of Columbia, of the State of Florida, on December 4, 1857, containing, among other things, "An order and decree, that the said Thomas M. Peeples be, and is hereby, forever *divorced* from the said Caroline Peeples, and the bond of matrimony heretofore existing between them be, and the same is hereby, *dissolved* and forever annulled," &c.; and, also, as to the subsequent marriage in form of the said intestate, Thomas M. Peeples, to Sarah Kellar, in the State of Florida, on February 27, 1858, who, after their intermarriage, had born to them a number of children, of whom the said Rowland W. Peeples was one. The judge of probate

found, as matter of fact, "That the administrator, Rowland W. Peeples, notified in due time the petitioner that he intended to apply for letters of administration upon the estate of Thomas M. Peeples, deceased; and that the petitioner not only acquiesced in, but approved of, such application on the part of the said Rowland W. Peoples; and that the said Rowland W. was not guilty of the slightest fraud on the court in obtaining the said letters of administration." And as to the matters of law, he held, "that no fraud upon this court, on the part of Rowland W. Peeples, having been shown in obtaining letters of administration upon the estate of Thomas M. Peeples, there is no legal ground for revoking those letters which had been previously regularly granted, and for this reason the petition must be dismissed." But the question having been argued before him, the judge of probate went further, and, considering whether the alleged foreign divorce of the intestate was sufficiently proved by the secondary evidence which had been offered, and, if so, what was its proper force and effect, held that the decree of *divorce* in Florida dissolved the first marriage with Caroline in South Carolina; that the second marriage with Sarah Kellar, in the State of Florida, in accordance with the laws of that State, was valid, and the issue thereof legitimate.

From this decree of the probate judge, dismissing the petition, Mrs. White appealed to the Circuit Court of the county; and the case coming on for trial before his honor, Judge Izlar, he pronounced a very learned opinion, principally on the important and interesting subject of the foreign divorce and second marriage in form of the intestate, Thomas M. Peeples, as bearing upon the alleged illegitimacy of the administrator, Rowland W. Peeples, one of the issue of the Florida marriage, concluded as follows: "That the decree of the Probate Court in this case be, and the same is hereby, *reversed;* and that this decree be certified by the clerk of this court to the Probate Court for Colleton County aforesaid, which court is hereby directed to proceed with the cause in that court, in accordance with the views herein expressed," &c. From this decree, Rowland W. Peeples, the administrator, appeals to this court

upon various grounds, which, being long, and printed in the record, need not be copied here.

The argument at the bar was unusually full, exhaustive, and instructive upon all the points, including the questions growing out of the foreign divorce and second marriage of the intestate. But from the view which the court takes, the latter question as to the force and effect of the foreign marriage is not necessarily involved. That is a question of the gravest importance, affecting, as it must, the policy of the State in reference to the important subject of marriages contracted within the State; and as the question arises here only incidentally, and is not necessary to the decision of the case, we will not go into the subject now; as Chancellor Dunkin said in *Hull* v. *Hull*, 2 Strob. Eq., 174: "Few subjects are more difficult, few questions more perplexing, than the effect of a foreign divorce." The case in hand is simply a claim for administration, in which there is no question as to the right of property, except possibly the commissions of the administrator. It is not even *an appeal* in a regular contest for the administration; but the letters having been previously granted without objection and without appeal, the subsequent application of Mrs. White is really a direct impeachment of the judgment appointing Peeples—the precise question being, whether the judge of probate erred in refusing to *revoke* the letters previously granted to Peeples; and as all the facts were perfectly well known to the parties when the letters were granted to Peeples, it would seem that the matter must resolve itself very much into the question whether there was imposition, fraud, or essential error in the original grant of the letters of administration to Rowland W. Peeples. In order, however, to prevent any confusion or misunderstanding upon the subject, we state *in limine and distinctly*, that nothing contained in this judgment is intended as a ruling in any respect upon the subject of the foreign divorce or its consequences.

The Probate Court, although of limited statutory jurisdiction, is a court of record, and as to proceedings clearly within its jurisdiction, is not to be regarded merely in the light of an ordinary inferior court. The judge of probate has exclusive jurisdiction of the grant of letters of adminis-

tration, but the statute confers upon him no express power to revoke at his pleasure his own appointments. "It is evident that the judgment or decree of any court is conclusive and binding upon the court rendering it, as well as against all the world. Hence, when the Probate Court has regularly conferred the appointment, it cannot remove the incumbent except for causes recognized by law as sufficient, and in the manner authorized by statute." 1 Am. Law Ad. (Waerner.) It was upon this principle that it has been held in this State, "that the first grant, conferring something like a vested interest, is conclusive of the right, until the grant be vacated or annulled by a direct proceeding for that purpose." See *Petigru* v. *Ferguson*, 6 Rich. Eq., 380.

Was the judgment of the Probate Court granting the letters to Rowland W. Peeples obtained in such a manner as to be liable to be set aside as fraudulent and void? Section 2 1893 of the General Statutes, upon the subject of granting administration, provides, as follows: "In case any person dies intestate, the probate judge * * * shall grant administration to his or her relations, in the order following, viz.: (1) To husband or wife of the deceased. (2) If there be no husband or wife of the deceased, or they do not apply, then to the child or children, or their legal representatives. (3) In default of them, to the father or mother. (4) In default of them, * * * (6) In default of such, to the greatest creditor or creditors, *or such other persons as the court may appoint*," &c. It appears that, after proper notice was given, and Mrs. White especially had actual notice, no one but the applicant, Rowland W. Peeples, claimed the letters. If there were other persons who had, according to the legal order, prior right, they made default; and the letters without opposition were granted to Rowland W. Peeples, whose fitness for the appointment does not seem to have been questioned. Under these circumstances, can it be said that the judge of probate committed jurisdictional error, in appointing Peeples? Our act upon the subject of administration does not indicate the time within which parties having priority must apply for letters; and, from the peculiar terms of the act, we can hardly

suppose that an indefinite time was intended. There was no objection to the appointment of Peeples, or appeal from the judgment appointing him, as allowed by section 57 of the Code; and, as we suppose, Mrs. White having had actual notice of the proceeding, was bound by that judgment, to which she was substantially a party, on that principle of estoppel which is known as *res judicata.*

It is true, that some of our cases have held, not without some hesitation, that if a judge of probate discovers that, from the absence of the proper parties, or other cause, he has made a mistake as to the party entitled to the appointment, he may, in the exercise of that inherent power and judicial discretion which, in a greater or less degree, all courts possess over their own records and proceedings, correct the error, by revoking the appointment of one as administrator, and appointing another in his place. In the case of *Thompson* v. *Hucket,* 2 Hill, 347, the ordinary revoked letters of administration which had been previously granted to one Thompson, and granted them to the nominee of the widow, who was absent from the country at the time of the first appointment. Sustained by the Appeal Court. In the case of *Smith* v. *Wingo,* Rice, 288, the ordinary granted letters of administration, with will annexed, to one Eber Smith, and afterwards *revoked* them and appointed one Wingo. Sustained by the Appeal Court. In the case of *Rollin* v. *Whipper,* 17 S. C., 32, the judge of probate appointed the daughter as administratrix of the estate in the absence of the widow, and afterwards revoked it and appointed the widow as entitled to it. Sustained by the Supreme Court. But no case has been cited to us, nor can I find one, where a judge of probate, refusing to *revoke* the appointment of an administrator made by himself, after due notice to all concerned, has *been required* by this court to vacate his own judgment, and make another appointment of administrator. In the case of the *State* v. *Mitchell,* 3 Brev., 520, it was held, that the proper mode of proceeding, in case the ordinary should grant administration to one not entitled, *is by appeal.* That was a case of *mandamus,* and the decision, refusing the writ, was manifestly right, for two reasons: first, because the ordi-

nary was a judicial officer; and, second, because there was another remedy, viz., by appeal. It would seem that this application to require the judge of probate to reverse his own judgment and grant letters to another person, bears a striking analogy to the writ of mandamus for the same purpose.

It is insisted, however, that Mrs. White was not bound by the judgment of the Probate Court, in appointing Rowland W. Peebles administrator, but that her application to set it aside should be sustained, on the grounds alleged by her, viz., that she had no notice of his application for letters, and never consented to his appointment, which he obtained by fraudulant misrepresentation and imposition upon the Probate Court. These are matters of fact, as to which testimony was taken by the judge of probate, who found as follows: "That Rowland W. Peeples notified in due time the applicant that he intended to apply for letters of administration upon the estate of Thomas M. Peeples, deceased; and that the petitioner not only acquiesced in, but approved of, such application on the part of Rowland W. Peeples. And that he was not guilty of the slightest fraud on the court in obtaining the letters of administration," &c. These findings are not disturbed by the Circuit Judge, in the exercise of his appellate power, in hearing the appeal. As this is not "a case in chancery," this court has no right to disturb those findings, but must accept them, as coming from the court authorized to find the facts. See *Stark* v. *Hopson*, 22 S. C., 46, and *Griffin* v. *Griffin*, 20 *Id.*, 490. There certainly was no error in making the original grant of letters to Peeples. It was after due notice, by a competent court, and upon a matter clearly, indeed, exclusively, within its jurisdiction, and there was no appeal. We do not see that there was any subsequent discovery of facts not then well known to all the parties, which should require a revocation and cancellation of those letters. Something is due to the dignity and stability of a judgment regularly rendered in a court of record, and without fraud or imposition.

But it is argued that, if all the facts relied on to set aside the appointment of Peeples have been found against the applicant, there still remains the point of law, that she claims to be the

only living legitimate child of the intestate, and that Rowland W. Peeples being illegitimate, is not entitled to retain the administration. It is a delicate matter to declare one not in fault to be illegitimate, and the court will not do so, unless in the administration of the law it becomes necessary. We think that this claim here, in reference merely to the administration, comes too late. Mrs. White "approved" the grant to Peeples, but it seems that she afterwards changed her mind, and claimed that the original grant should be vacated, and a new grant made to herself. Under the circumstances of the case, we hold that she waived any superior right which she might have in favor of Rowland W. Peeples, and that she can not now have his appointment annulled. "The preference given by statute may be waived or renounced. Unless it is, the appointment of any other person is irregular, and will be vacated upon demand of a person having the preference. The renunciation may be spontaneous or upon citation by some person interested; and it will be presumed—that is, the exclusive right to administer will be deemed to have been waived—if letters are not applied for by the party preferred within the period prescribed for such purpose by statute," &c. See section 243 of the late work of Mr. Waerner on the American Law of Administration.

In *Cole* v. *Dial, Adm'r*, 12 Texas, 100: "Where a stranger and the next of kin filed applications for letters of administration, and the latter withdrew his application, whereupon the former was appointed, it was held that the next of kin thereby waived his right to the administration, and could not come in afterwards, under the statute, and have the first appointee removed and himself substituted." In this case Judge Wheeler, in delivering the judgment of the court, said: "In the grant of administration, the law gives the preference to the next of kin and certain other enumerated persons, but that is a personal privilege which the party, if he think proper, may decline to exercise. The application of the appellee, in the absence of any one having a legal preference, gave him the right to administer. It appears that his application was pending, when the appellant applied for the grant as next of kin. When the

latter withdrew his application, we must regard him as having waived his superior right, and as tacitly consenting to the appointment of the former; and we think that he could not afterwards have the appointment revoked, without showing some cause for annulling the grant, other than his preferred right as next of kin, which he had thus waived." And see, also, _Wheat_ v. _Fuller_, 82 Ala., 572. Such waiver having reference, of course, only to the administration, and not intended to extend to any matter beyond that.

Without ruling any thing as to the force and effect of the foreign divorce, the judgment of this court is, that the judgment of the Circuit Court, in so far as it required the judge of probate *to revoke* the letters of administration on the estate of Thomas M. Peeples, deceased, *be reversed*, and that this decree be certified by the clerk of this court to the Probate Court of Colleton County.