### *IN RE* ESTATE OF MEARS.

1. RES JUDICATA—PROBATE OF WILL—ADMINISTRATION.—Holding by one Circuit Judge that probate of a will by a Judge from another county called in by the probate judge of the county of decedent, who was appointed executor, was void and that letters testamentary could not be granted until administration previously granted on said estate had been revoked by a direct proceeding for that purpose, is not binding on a succeeding Judge hearing an appeal from probate of same will by a Judge specially commissioned by the Governor for that purpose.

2. PROBATE OF WILL—ADMINISTRATION.—A will may be admitted to probate without first obtaining by direct proceeding a judicial revocation of letters of administration previously granted on supposition of intestacy, as the effect of admitting the will to probate is to revoke the previous administration. The remedy of the previously appointed administrator is probate of will in solemn form.

*Pettigru* v. *Ferguson,* 6 Rich. Eq., 378, *distinguished from this case.*

Before WATTS, J., Hampton, March, 1906. Reversed.

*Ex parte* Jas. F. Thames and P. H. Mears, in estate of W. H. Mears. From Circuit decree, petitioners appeal. M. D. Rouse and J. W. Mears are respondents.

*Messrs. E. F. Warren* and *W. B. deLoach,* for appellants, cite: *Appeal from probate court is only from final order:* Code of Proc., 57; 17 S. C., 323; Freem. on Judg., 154. *As to revoking letters of administration:* 11 Ency., 826; *Kene* v. *Pane,* 13 and 14 Peters; 8 Cranch., 24; Teller on Exor., 121; 18 Cyc., 82. *No direct proceeding necessary to cancel administration:* 51 S. C., 171; 11 Rich., 517, 569; 20 S. C., 144; 19 S. C., 572.

*Messrs. B. R. Hiers, Howell, Gruber* and *Jas. E. Davis,* contra. No argument furnished Reporter.

December 1, 1906. The opinion of the Court was delivered by

Mr. Justice Woods. This case came up in the Circuit Court on appeal, first before Judge Aldrich, who thus states the facts: "William H. Mears, late of the County of Hampton, and State of South Carolina, died at his residence in said county on or about the 7th day of August, 1904, seized of a considerable estate, real and personal.

"The court of probate in and for the County of Hampton, after due and regular proceedings, with all the proper parties before it, on August 26th, 1904, adjudged and decreed that the said Wm. H. Mears died intestate, and duly appointed M. D. Rouse, J. W. Mears and H. W. Mears coadministrators of his said estate. These officers duly qualified, entered upon their duties and are still engaged in performing the same. This administration has never been revoked.

"On October the 3d, 1904, S. C. Cunningham, as a judge of probate for the County of Beaufort, at the request of the judge of probate for the County of Hampton, came to Hampton and admitted to probate a written instrument, dated the 11th day of April, 1899, purporting to be the last will and testament of W. H. Mears, wherein he appointed P. H. Mears and the probate judge of Hampton County as my executors and administrators; he, the probate judge of Beaufort County, apparently acting under section 43, Code of Civil Procedure, came to Hampton, probated said alleged will, issued letters testamentary to P. H. Mears and the probate judge of Hampton County, and they now hold such letters. J. W. Mears and M. D. Rouse, in their own right and as administrators of the estate of W. H. Mears, appealed therefrom to this Court."

Judge Aldrich held: (1) The probate judge of Beaufort County had no jurisdiction at the mere request of the probate of Hampton County to admit the will to probate in Hampton County, and (2) the will could not be probated and letters testamentary issued to the executors therein named until the previous grant of letters of administration had been revoked by a direct proceeding instituted for that purpose.

There was no appeal from this decree, but after it was filed James F. Thames, probate judge of Hampton County, certified his interest in the matter as one of the executors named in the will, and thereupon the Governor, under sec. 6, art. V., of the Constitution, specially commissioned John K. Snelling, who was judge of probate of Barnwell County, in the stead of James F. Thames, judge of probate of Hampton County, "for the trial and determination of all matters that may come up pertaining to the said will of said W. H. Mears in any way or manner." Subsequently, John K. Snelling, acting under this commission, admitted the will to probate and issued letters testamentary to James F. Thames and P. H. Mears, the executors therein named. From this action of the probate court, M. D. Rouse and J. W. Mears, holding letters of administration issued before the discovery of the will, appealed.

On hearing this appeal, Judge Watts adjudged this last probate of the will also to be of no force, and revoked it "on the grounds that his Honor, Judge Aldrich, not only decided that Probate Judge Cunningham was without jurisdiction heretofore in admitting the will to probate, but he decided that until the grant of administration heretofore made was vacated or annulled by a direct proceeding for that purpose, it was conclusive of the right of administration and could not be impeached collaterally, and from his decree no appeal was taken."

This view is erroneous. Under Judge Aldrich's decree, Cunningham, though attempting to act as probate judge of Hampton County, had no more right to admit the will to probate than any private individual, and the attempted probate and issuance of letters testamentary were of no effect whatever. Recognizing the force of this conclusion, the executors filed the will for probate before the proper tribunal and from it received letters testamentary. Clearly, the holding that the first attempted probate granted without right by any one undertaking to act as an officer without any legal warrant whatever was in-

valid, could have no effect whatever on proceedings for a second probate before an officer having full jurisdiction in the matter. The executors were entitled to have their rights adjudicated under the second probate, and they were not bound by the other reasons given by Judge Aldrich in his decree for holding the first probate invalid.

The vital question is, may a will be admitted to probate and letters testamentary granted, without first obtaining by an independent proceeding the judicial annulment of letters of administration previously granted on the supposition of intestacy. So far as we can discover, there is no case in this State deciding this precise question. In accordance with the generally recognized doctrine, the Court held in *Moore* v. *Smith,* 11 Rich., 569, letters of administration on the estate of a living person to be absolutely void. But this is put on the ground that the fact of the death is essential to any jurisdiction whatever concerning administration, and when that fact is absent the attempt to place another, under the name of administrator, in charge of a living person's estate, is a mere usurpation. But a probate court has jurisdiction of the administration of the estates of deceased persons, whether they die testate or intestate, and hence its judgment as to testacy or intestacy is valid until set aside by a proper proceeding instituted for that purpose.

The doctrine is also established in this State that the acts of an administrator in the due course of administration are valid, although a will be afterwards discovered and admitted to probate, *Benson* v. *Rice,* 2 N. & McC., 577, and this is true, though administration be obtained by fraudulent suppression of the will. *Foster* v. *Brown,* 1 Bailey, 221; *Price* v. *Nesbit,* 1 Hill's Ch., 461. This rule, so long ago adopted by our Courts, is now generally recognized. 81 Am. S. Rep., 555, note. The meaning of the rule is that the will does not impair the validity of the administration until adjudged by the proper authority to be the will; but it does not mean that the will may be admitted to probate and the

administration thereby ended. True, there is support in reason and authority for the proposition that after discovery of a will administration previously granted cannot be impeached in a collateral proceeding, and can be annulled only by a direct proceeding. But the probate of a will is practically a direct proceeding looking to placing a testator's property in the hands of his executors, and adjudging that all others, including administrators having it in possession, should surrender it to the executors for administration. Indeed, it is the proceeding laid down in the statute to the exclusion of all others. If the view should be adopted that a will could not be probated until a decree had been obtained in an independent proceeding annulling a previous grant of letters of administration, the whole question of will or no will would necessarily be tried in such independent proceedings, whereas the statute provides it must be tried only in proceedings instituted to have the will admitted to probate. Though a different rule prevails in some jurisdictions, in this State if an administrator moves out of the State the grant of letters to another is equivalent to a judgment of revocation. *McLaurin* v. *Thompson,* Dudley, 378. The case of *Pettigru* v. *Ferguson,* 6 Rich. Eq., 378, is not an authority to the contrary, for the principle was different. Holding the intestate to have been a resident of that county, the ordinary of Abbeville granted letters of administration. Subsequently the ordinary of Edgefield County also issued letters, holding the intestate to have been a resident of Edgefield. The Court of Appeals did hold the second grant null because the first had not been vacated; but in that instance the first grant could not be regarded annulled by the second for the reason that the ordinary of Edgefield County had no jurisdiction to revoke letters of administration issued by the ordinary of Abbeville County. If the ordinary of Abbeville County, who had issued the first, had also issued the second letters, this would have been a revocation of the first administration, under the authority of *McLaurin* v. *Thompson, supra.*

We conclude the probate of the will of W. H. Mears was the proper legal proceeding looking to the revocation of the previous administration, and the only remedy for those who had been appointed administrators was to require proof of the will in solemn form.

On these grounds, the judgment of the Circuit Court is reversed.