### WOLFE, ADMR. v. BANK OF ANDERSON

#### (116 S. E., 451)

1. EXECUTORS AND ADMINISTRATORS—LETTERS HAVE NO FORCE BEYOND JURISDICTION EXCEPT BY COMITY.—Letters testamentary or of administration have no legal force beyond the territorial limits of the State in which they are granted, and whatever operation is allowed to them outside such limits is a matter of comity which each sovereign can yield or withhold according to its own policy with reference to its own institutions and the interests of its own citizens.

2. EXECUTORS AND ADMINISTRATORS—FOREIGN ADMINISTRATOR CANNOT REMOVE ASSETS BEYOND STATE TO PREJUDICE OF CREDITOR WITHIN STATE.—Though a title acquired through foreign administration is universally respected by comity of nations, such comity does not

NOTE: On force of foreign letters of administration see note in 19 L. R. A. (N. S.), 553.

extend so far as to permit a foreign representative to take possession of and remove assets beyond the jurisdiction of the State, when such removal may be prejudicial to creditors who are citizens of the State.

3. EXECUTORS AND ADMINISTRATORS—ANCILLARY ADMINISTRATOR CANNOT MAKE COLLECTIONS OUTSIDE OF JURISDICTION.—Even though a domiciliary representative may accept voluntary payment from debtors residing outside the jurisdiction in which the grant of letters was made, under certain conditions, an ancilliary administration is special and limited, and an ancilliary administrator cannot make collections outside of the jurisdiction of his appointment, nor give acquittance to debtors.

4. EXECUTORS AND ADMINISTRATORS—FOREIGN ADMINISTRATOR CANNOT GIVE ACQUITTANCE TO DEBTOR WITHIN STATE IF THERE ARE CREDITORS OR LEGATEES THEREIN.—A foreign administrator cannot collect assets and give a valid acquittance to debtors residing within the State which was the domicile of the decedent, except when there are not creditors of the decedent within the State, and no persons therein entitled as distributees or legatees of decedent's estate.

5. EXECUTORS AND ADMINISTRATORS—PAYMENT TO ADMINISTRATOR APPOINTED IN STATE FOREIGN TO DOMICILE NO DEFENSE TO CLAIM BY SUBSEQUENTLY APPOINTED ADMINISTRATOR.—An administrator appointed in a State which was not the domicile of the deecdent is an ancilliary administrator only, and a payment to him of a bank deposit by a bank within the State of the domicile is no defense to requiring the bank to pay the deposit to an administrator subsequently appointed within the domicile.

Before G. B. GREEN, Special Judge, Anderson, 1922. Affirmed.

Controversy without action pursuant to Code Civ. Proc. 1912, §§ 413, 414 (Code Civ. Proc. 1922, §§ 651, 652), by S. M. Wolfe, as administrator with the will annexed of the estate of Lexius P. Henson, deceased, against the Bank of Anderson. Judgment for plaintiff, and defendant appeals. Affirmed.

The decree of the Judge of the Circuit Court was as follows:

This is a controversy without action pursuant to provisions of Sections 413 and 414, Code of Civil Procedure S.

C., 1912, which have been re-enacted as Sections 651 and 652 of the Code of Civil Procedure of 1922, and from the agreed statement of facts upon which the controversy is submitted, it appears: That one Lexius P. Henson, a painter by trade, has had his residence and domicile in the city of Anderson, County of Anderson, and State of South Carolina, for some 10 or more years up to and inclusive of the date of his death; that the said Lexius P. Henson was a widower, and died in the City of Augusta, County of Richmond, and State of Georgia, on the 21st day of November, 1920, while he was there on a temporary visit, and that soon after his death, to wit, on the 5th day of January, 1921, one Parris R. Pryor (colored), of the City of Augusta, was granted letters of administration on his estate by the ordinary of Richmond County, Ga., said administrator qualifying as such; that the assets of the estate of Lexius P. Henson at the time of his death were as follows: A deposit balance, subject to check, in the National Bank of Waynesboro, Burke County, Ga., of $209; a savings deposit in the Bank of Anderson, County of Anderson, State of South Carolina, which, with interest to February 2, 1921, amounted to $1,768; two small insurance policies aggregating $150, which were in the custody of S. M. Wolfe, attorney, in the City of Anderson, S. C.; also some clothing, household goods, a watch, and some tools of trade, the household goods and tools of trade being situate in the City of Anderson and County of Anderson, S. C.

It appears further that on February 2, 1921, the said Parris R. Pryor, administrator as aforesaid, made draft upon the Bank of Anderson for the sum of $1,768, the amount of the savings deposit, with accrued interest, at said bank, attaching to said draft certified copies of letters of administration granted to the said Pryor by the ordinary of Richmond County, Ga., and that the Bank of Anderson paid said draft. It appears also that on the 30th day of April, 1918, the said Lexius P. Henson made his last will and testament

whereby he bequeathed and devised to his former lawyer and friend, S. M. Wolfe, of Anderson, S. C., his entire estate; that on the 18th day of April, 1922, the said last will and testament was admitted to probate in the Probate Court for Anderson County, S. C., and on the 3d day of May thereafter the said S. M. Wolfe duly qualified as administrator with the will annexed of the estate of the said Lexius P. Henson; that on May 5, 1922, the said S. M. Wolfe, as administrator as aforesaid, made·draft upon the Bank of Anderson for the sum of $1,768, the amount of the said savings deposit, including interest, but payment of the draft was refused by the said bank for the reason that the amount of the said savings deposit, including interest, had already been paid by the said bank to Parris R. Pryor, administrator of the estate of the said Lexius P. Henson, in Augusta, Richmond County, Ga.

The agreed statement of facts also shows that no administration, ancillary or otherwise, was had on this estate in Anderson County, S. C., prior to the probate of the will of said Lexius P. Henson, as above stated.

The question of law to be determined by me upon the foregoing agreed statement of facts herein is the liability, if any, on the part of the defendant, Bank of Anderson, to the plaintiff, as administrator with will annexed and beneficiary under the will of Lexius P. Henson, deceased, in Anderson County, state aforesaid, by virtue of its payment and surrender of the deposit to the credit of the account of the said Lexius P. Henson at the time of his death, and upon the date upon which it was drawn in the sum of $1,768 to the said Parris R. Pryor, as administrator, in Richmond County, Ga.

As stated in Ruling Case Law, Vol. 11, at page 432:

1, 2 "It is an elementary principle that letters testamentary or of administration have no legal force or effect beyond the territorial limits of the state in which they are granted. Whatever operation is allowed to it beyond the

original territory of the grant is a mere matter of comity, which every nation is at liberty to yield or to withhold, according to its own policy and pleasure, with reference to its own institutions and the interests of its own citizens. Yet a title acquired through foreign administration is universally respected by comity of nations. This comity, however, does not extend so far as to permit a foreign representative to take possession of and remove assets beyond the jurisdiction of the state, when such removal may be prejudicial to creditors who are citizens of the state." This principle has been adhered to by the Courts of this State, as will be seen by reference to the cases of *Dial v. Gary,* 14 S. C., 573, 37 Am. Rep., 737, *Stoddard v. Aiken,* 57 S. C., 134, 35 S. E., 501, and others. However, it has been generally held that a domiciliary representative may accept voluntary payment of debts from debtors residing outside of the jurisdiction in which the grant of letters was made, provided there are no debts due from the estate in the jurisdiction where a foreign debtor of the estate resides; and in many jurisdictions the absence of debts due by the estate does not seem to be a prerequisite to the validity of a voluntary payment to the domiciliary executor or administrator by a nonresident debtor, a voluntary payment being made in this manner being held final and conclusive as against an ancillary administrator subsequently appointed, and a bar to a suit brought by such subsequently appointed ancillary administrator. The reason for this rule is that the duties of a domiciliary administrator are general and unlimited. He is invested with a title to all the property of the deceased for the purpose of collecting the effects of the estate, paying the debts, and making distribution of the residue according to the law of the place.

On the other hand ancillary administration is special and limited, and the duties of an ancillary administrator do not extend beyond the jurisdiction in which he was appointed, and cannot make collections outside of

the jurisdiction of his appointment and give full and final acquittance to debtors as can be done by the domiciliary administrator.

In the case of *Wilkins v. Ellett,* 108 U. S., 256, 2 Sup. Ct., 641, 27 L. Ed., 718, it was held that a foreign administrator could make collection and give a valid acquittance to a debtor residing in the state of the domicile of the decedent provided there were neither creditors nor next of kin in the state of the domicile of the decedent. The foregoing case was quoted with approval by our Supreme Court in the case of *Jones v. Jones,* 39 S. C., 256, 17 S. E., 591, the Court quoting in italics the following words: "There having been no creditors of the intestate in this last place, nor any persons there entitled as distributees"—and adding thereafter these words: "This is the law in South Carolina. *Dial v. Gary,* 14 S. C., 582. In the case before the Court it does appear that there was a creditor of intestate in North Carolina, and that appellant knew it; for as soon as he collected the money in North Carolina he paid it to a creditor of intestate in that state. There is no evidence that there are no other creditors of intestate in North Carolina, while there is evidence that there are other creditors there; indeed, the 'case' says that a suit is about to be begun against the estate of intestate in North Carolina. Again, it does not appear that there are no persons in that state entitled to the property as distributees." From these cases I conclude that it is the law of this state that a foreign administrator cannot collect assets and give a valid release to debtors residing in this state, the domicile of the decedent, except when there are no creditors of the decedent in this state, and no persons here entitled as distributees or legatees of decedent's estate.

In the case under consideration the grant of letters of administration to Parris R. Pryor in a state foreign to that of the domicile of decedent constituted ancillary administration merely. It does not appear

that there are no debts against the estate in this county and
state.   Administration was granted to plaintiff in Ander-
son County, S. C., on the 3d day of May, 1922, and, as an
administrator has one year from the date of his appoint-
ment to ascertain the debts against the estate, it is possible
that creditors of said estate, unknown to him now, may
appear and prove their claims.   Furthermore, the sole bene-
ficiary under the last will and testament of the said Lexius
P. Henson resides in Anderson County, S. C.   It would
be unreasonable and unfair to the creditors of this estate,
and the record does not show that there are none, and also
to the sole beneficiary under that last will and testament of
the deceased, to go away from the county and state of the
domicile of the decedent and into a foreign jurisdiction to
prosecute their claims.   As was stated in the case of *Dial
v. Gary, supra:* "It is the duty of every government to
protect its own citizens, and especially the rights of credi-
tors, as the material and commercial prosperity of a country
depends greatly on this protection and security.   If a
government fails in this, it fails in one of its most important
functions and duties."   I must hold, therefore, that the said
Parris R. Pryor, administrator in the state of Georgia, had
no right to intermeddle with and remove from Anderson
County, S. C., the savings deposit, which is the subject of
this litigation; that the Bank of Anderson, under the facts
and circumstances of this case, had no right to make volun-
tary payment to said foreign administrator; and that the
said Parris R. Pryor, administrator, could not give to the
defendant in this case a valid acquittance or release from
its said debt.   And I must hold also that the defendant in
this controversy is liable to the plaintiff herein for the sum
of $1,768, the amount claimed by plaintiff in this con-
troversy against defendant.

It is therefore ordered, adjudged, and decreed that the
defendant, Bank of Anderson, is, and it is hereby declared,
liable to the plaintiff in the sum of $1,768; and it is further
ordered, adjudged, and decreed that plaintiff have judgment

against defendant for the sum of $1,768, and that said judg-
ment be entered by the clerk of this Court accordingly.

*Mr. J. M. Padget,* for appellant, cites:  *Decree of Court
of Probate cannot be attacked collaterally unless defects
appear affirmatively on the record:*  58 S. C., 527; 6 Rich.
Eq., 378; 4 Ann. Cas., 1113; 67 Ga., 103; 112 Ga., 266;
48 S. E., 134; 94 S. E., 1009.  *Payment by debtor volun-
tarily to foreign administrator, where no administrator in
the State, will discharge debtor:*  14 S. C., 582; 23 C. J.
Par. 442; Story, Conflict of Laws Par. 515, 108 U. S., 256;
39 S. C., 256.

*Mr. M. L. Bonham* for respondent.

March 15, 1923.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

For the reasons stated by his Honor the presiding Judge,
the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE MARION concurs in result.

MR. JUSTICE COTHRAN (dissenting) :  This is a most
extraordinary case, and, in view of the setting, I am not at
all satisfied with the result attained by the Circuit decree.

About the year 1910 a colored man by the name of Lexius
Henson, with his wife Hattie, and two small children, aged
4 and 6 respectively, moved from Augusta, Ga., and took
up his residence in Anderson, S. C.  He was a painter of
automobiles, carriages, and other vehicles, and established
a business in his new home.  About the year 1917 he and
his wife separated, both apparently, however, continuing to
reside in Anderson.  In the fall of 1920 the wife died, and
shortly thereafter Henson carried the two children, who
were then 14 and 16, to Augusta for the purpose of placing
them with the parents of his dead wife.  There is no evi-
dence in the case tending to show that he intended to change
his domicile from Anderson to Augusta.  The inference
from the fact that he left at Anderson his clothing, watch,

15—S. C.—123

tools of trade, household goods, and a deposit of about $1,700 in the Bank of Anderson is that he intended to return to his home and business in Anderson.    While in Augusta upon the mission related, he contracted pneumonia and died there on November 21, 1920, soon after his arrival. On January 5, 1921, one Parris Pryor applied to the Court of Ordinary of Richmond County, Georgia, of which county Augusta is the County Seat, for general letters of administration upon the estate of Henson.    They were granted him, and he was duly appointed and qualified as such administrator.    The appraisal of the estate in that proceeding showed the assets to be $1,997, which consisted of the deposit in the Bank of Anderson and about $200 in the Bank of Waynesboro, Burke County, Ga.

On February 3, 1921, shortly after his qualification, Parris Pryor, the administrator appointed by the Ordinary of Richmond County, Ga., presenting a certified copy of his letters of administration, drew out of the Bank of Anderson the deposit which was in the savings department of that bank to the credit of Henson, amounting to $1,768.

On April 18, 1922, nearly 18 months after the death of Henson, and 14 months after the deposit had been drawn out by the administrator, a paper purporting to be the last will and testament of Henson was presented to the Court of Probate of Anderson County, and admitted to probate in common form as his will.    No one was named as executor of the will, and thereafter the plaintiff S. M. Wolfe applied for letters of administration *cum testamento annexo,* they were granted to him, and he was duly appointed and qualified as such administrator.

The will which was admitted to probate as stated bequeathed the entire estate, in the event that the testator died a widower, to his friend and attorney, the plaintiff herein.

The administrator c. t. a. contended that the Bank of Anderson was without authority to pay the amount of the deposit to the Georgia administrator, and, to decide that

contention, a "controversy without action" was submitted, to the Court of Common Pleas, in which the facts as hereinbefore substantially stated were set forth in detail. The issue to be determined was thus indicated:

"That the question of law to be determined by the Court based upon the foregoing agreed statement of facts herein is the liability, if any, on the part of the defendant, Bank of Anderson, to the plaintiff, as administrator with will annexed and beneficiary under the will of Lexius P. Henson, deceased, in Anderson County, state aforesaid, by virtue of its payment and surrender of the deposit to the credit of the account of the said Lexius P. Henson at the time of his death, and upon the date upon which it was drawn in the sum of $1,768, to the said Parris R. Pryor, as administrator in Richmond County, Ga."

The case came on to be heard by Hon. G. B. Green, special Judge, at Anderson, at a time not stated in the record, and after argument of counsel the special Judge filed a decree (not dated in the record, but apparently prior to July 26, 1922), in which he held that the payment of the deposit by the bank to the Georgia administrator was unauthorized, and rendered judgment in favor of the plaintiff against the bank for $1,768. From this judgment, duly entered up, the defendant has appealed.

The special Judge has found as a fact, not appealed from, that at the time of his death Henson had his residence and domicile in the City of Anderson, and was only temporarily absent in the City of Augusta—a conclusion reasonably inferable from the evidence and settled as a fact in the case. It does not appear that there were any creditors of Henson in the State of South Carolina; the inference being very strong that there were none, from the fact that no creditors, during the period between the death of Henson in November, 1920, and the probate of the will in April, 1922, made any effort to be appointed administrator, or to have the

clerk of Court appointed, and from the further fact that he left on hand about $2,000.

The question to be determined may be stated thus: A person having his residence and domicile in this state, but owing no debts, while temporarily absent from this state, dies in another state. What purport to be general letters of administration upon his estate are granted by the Court of such other state having jurisdiction of such matters. The administrator of the foreign state collects from a debtor who lives in this state a debt due by him to the intestate. Is the debtor liable to pay the debt again to an administrator subsequently appointed by the Court of this State?

A subsidiary question, which in my opinion is determinative of the main question, is this Is the Georgia administration domiciliary or ancillary, and, if not inherently domiciliary, is the plaintiff in a position to contend that it is ancillary?

I do not think that there can be any doubt under the authorities which I shall cite that, if the Georgia administration be domiciliary, or if the plaintiff is not in a position to contest that conclusion, there being no South Carolina creditors, the Georgia administrator had the right to collect the debt due by the South Carolina debtor, and of consequence the acquittance of the Georgia administrator is a complete protection to the South Carolina debtor.

It is equally clear that, if the Georgia administration be ancillary only, the powers of the Georgia administrator were halted at the state line, and he had no authority to cross that line and exercise the powers of an administrator in South Carolina. It would follow that his collection of the debt was unauthorized and his acquittance no defense to the bank.

If the plaintiff be in a position to raise the question of domiciliary or ancillary administration, it is clear from the evidence that the place of the intestate's domicile was in South Carolina. He had lived here for 10 years. He had

returned to Georgia for a temporary purpose, and, as shown above, the findings of the presiding Judge unappealed from settle this question.

The vital question therefore is whether or not the plaintiff is in a position to raise the issue. I do not think that he is, for the following reasons:

Assuming for the moment that the Court of Ordinary in Georgia is practically a Court of the same jurisdiction and powers as the Court of Probate in this State, it is settled by numerous decisions that the latter is a Court of record, of great dignity, and, while not strictly a Court of general jurisdiction, the same rules of construction are to be made in favor of its jurisdiction and the effect of its records as are applied to Courts of general jurisdiction.

In the case of *Hendrix v. Holden,* 58 S. C., 495, 36 S. E., 1010, the precise point was raised and decided. There it was held that the grant of letters of administration by a Court of Probate must be presumed regular in all respects when questioned in another proceeding, unless the defects appear affirmatively upon the face of the record. See Herman on Estoppel, § 140; *Thomas v. Poole,* 19 S. C., 336; *Turner v. Malone,* 24 S. C., 398. In *Clark v. Neves,* 76 S. C., 484, 57 S. E., 614, 12 L. R. A. (N. S.), 298, it is said:

"The rule which applies as to Courts of general jurisdiction applies also to the Court of Probate."

The Court was then discussing collateral attacks upon the judgment of Courts of general jurisdiction.

In *Petigru v. Ferguson,* 6 Rich. Eq., 378, referring to the Ordinary, the Court says:

"This judicial officer, having a general cognizance of questions relating to the right of administration, and therefore being legally competent to determine them, must necessarily be clothed with authority to consider and decide the sufficiency of the evidence presented to him for establishing the facts from which the right arises. The judgment

rendered by him must be conclusive of the facts necessary to sustain it until it is reversed. It cannot be impeached collaterally, and can only be set aside by a direct proceeding."

The very point involved in that case was the validity of the appointment of an administrator which was attacked upon the matter of residence.

In *Ex parte Crafts,* 28 S. C., 281, 5 S. E., 718, the Court says:

"And when such other person is appointed by the Probate Court, being a Court of record, and having jurisdiction of the subject, it is a judicial act, a judgment, which must be assumed to have been rightly rendered until the contrary appears"—citing *Petigru v. Ferguson,* 6 Rich. Eq., 384.

In *Ex parte White,* 38 S. C., 41, 16 S. E., 286 (quoting from the syllabus), it is held:

"The Court of Probate, though of limited jurisdiction, is a Court of record, and not an inferior Court, as to matters clearly within its jurisdiction. Therefore its grant of administration may be vacated only by a direct proceeding."

In *Hartley v. Glover,* 56 S. C., 69, 33 S. E., 796, it is held:

"The appointment of an administrator is in the nature of a judgment, and, unless it appears affirmatively from an inspection of the records that there was a failure to comply with the requirements of law, it will be presumed that the Probate Judge followed the requirements of law, and that the administrator was properly appointed."

In *Hankinson v. Railroad Co.,* 41 S. C., 1, 19 S. E., 206, it is held:

"It is contended, however, that the judgment of the Court of Probate, evidenced by the certified copy of the letters of administration, cannot be attacked in this collateral proceeding. This depends upon whether the judgment in question is absolutely void or is merely voidable. If the

former, then it is a mere nullity, and may be so treated wherever it is encountered, but, if the latter, then it cannot be attacked in any collateral proceeding, but must be avoided —that is, rendered void—by some direct proceeding instituted for that purpose."

In the case of *In re Mears,* 75 S. C., 482, 56 S. E., 7, 9 Ann. Cas., 960, it is said:

· "There is support in reason and authority for the proposition that, after discovery of a will, administration previously granted cannot be impeached in a collateral proceeding, and can be annulled only by a direct proceeding."

The rule in Georgia is exactly the same:

"The Court of Ordinary is a Court of general jurisdiction, and it is not essential that all the facts necessary to give jurisdiction shall appear upon the face of the record. Where the record is silent, the presumption is that all necessary jurisdictional facts appeared, and no collateral attack can be made upon the judgment. *Maybin v. Knighton,* 67 Ga., 103; *Stuckey v. Watkins,* 112 Ga., 268." *Jones v. Smith,* 120 Ga., 642, 48 S. E., 134.

"The judgment appointing the Joneses administrators on the estate of Lamar being regular upon its face, it cannot be collaterally attacked." *Id.*

"A judgment of a Court of Ordinary granting letters of administration upon an estate, being a judgment of a Court of general jurisdiction, cannot be collaterally attacked, unless the record negatives the existence of necessary jurisdictional facts." Quoting from syllabus, *Wash v. Dickson,* 147 Ga., 540, 94 S. E., 1009.

There is nothing in the record for appeal showing that the record of the Court of Ordinary in Georgia in appointing an administrator negatived the evidence of jurisdictional facts; and hence it should be concluded that it is immune from a collateral attack, as this is, and should be treated as a domiciliary administration subject, of course, to such

attack as the plaintiff in the appropriate proceedings may institute.

The administration in Georgia then being considered, for the purposes of this case, as a domiciliary administration, the law is well settled that a domiciliary administrator may collect debts due to the intestate by a debtor domiciled in a foreign jurisdiction, and that the acquittance of the foreign domiciliary administrator is a complete protection to the debtor so paying.

In the case of *Wilkins v. Ellett*, 108 U. S., 256, 2 Sup. Ct., 641, 27 L. Ed., 718, the facts were these: The intestate, Quarles, was a resident of Memphis in the State of Tennessee, where he was engaged in business with a firm which at the time of his death owed him about $3,500. A few days before he died Quarles visited a relative in Alabama, and while there died by accident, leaving some personal estate in Alabama. Within the month in which Quarles died an administrator of his estate was appointed in Alabama; and within a month thereafter the Alabama administrator went to Memphis, and there, upon exhibiting his letters of administration, collected from the firm with which Quarles was connected the amount that was due him. There were no Tennessee creditors of Quarles, and all of his kin lived either in Alabama or Virginia. In June following the death of Quarles in January, the plaintiff, Wilkins, took out letters of administration upon the estate of Quarles in Tennessee, and there brought suit against Ellett, surviving member of the firm which had paid the debt to the Alabama administrator, for its recovery, alleging that such payment was unauthorized and did not constitute an acquittance. The Supreme Court held that, assuming the correctness of the finding of the lower Court that Quarles was a resident of Tennessee:

"The Court erred in instructing the jury that, if the domicile was in Tennessee, they must find for the plaintiff, and in refusing to instruct them, as requested by the de-

fendant, that the payment to the Alabama administrator before the appointment of one in Tennessee, and there being no Tennessee creditors, was a valid discharge of the defendant, without reference to the domicile."

It is singular that in a previous decision of the same case (9 Wall., 740, 19 L. Ed., 586) it appeared that Quarles was a resident of Alabama, and the Court decided that:

"The payment in Tennessee to the Alabama administrator was good as against the administrator afterwards appointed in Tennessee."

So that it appears from this authority that it does not make any difference whether the intestate was domiciled in the state where administration was allowed or not. It is interesting to note that the decision is based upon the principle that the title to the personal property of the intestate, wherever located, is in the administrator wherever appointed, and that the inhibition against the foreign administrator's bringing suit in another jurisdiction is based upon the protection of the rights of citizens of the state where suit is brought.

"The objection does not rest upon any defect of the administrator's title in the property, but upon his personal incapacity to sue as administrator beyond the jurisdiction which appointed him."

The case is followed in *Brown v. Ins. Co.* (C. C.), 112 Fed., 846; *Gardiner v. Thorndike,* 183 Mass., 82, 66 N. E., 634; *Fox v. Tay,* 89 Cal., 348, 24 Pac., 855, 26 Pac., 897, 23 Am. St. Rep., 479; *Bull v. Fuller,* 78 Iowa, 24, 42 N. W., 573, 16 Am. St. Rep., 420; *Luce v. Manchester R. Co.,* 63 N. H., 590, 3 Atl., 620; and *In re Election, etc.,* 51 N. J. Law, 82, 16 Atl., 193.

In the case of *Dial v. Gary,* 14 S. C., 582, 37 Am. Rep., 737, the Court says, referring to the case of *Doolittle v. Lewis,* 7 Johns. Ch. (N. Y.), 46, 11 Am. Dec., 389:

"In this case it was said that a payment by a debtor to a foreign administrator would acquit the debtor. This, no

doubt, is good law where no administration has been taken out in the state of the debtor, and especially where the intestate has no creditor there."

In 24 C. J., 1120, it is said:

"But, since a foreign domiciliary representative has a title to assets wherever situated which may be recognized in the absence of local creditors or a local administration, he may under such circumstances take possession of property of the estate if he can do so peaceably and without suit, and his possession will be recognized as rightful and protected as fully as if he had taken out local letters of administration. He may also collect a debt due to the estate if voluntarily paid before the issuance of ancillary letters in the jurisdiction where the debt has its situs, and such payment is usually held to be a valid discharge of the debt and a protection against an action to collect the same debt by a domestic representative subsequently appointed"—citing a vast array of authorities in support of the proposition.

In 23 C. J., 1195, it is said:

"The general executor or administrator is bound to take due measures for the collection of foreign demands due the estate and other foreign assets, and is usually held to have authority to collect debts from foreign debtors, if voluntarily paid, and give good acquittances therefore."

The same principle is announced in *Jones v. Jones, 39* S. C., 247, 17 S. E., 587, 802, where *Wilkins v. Ellett* and *Dial v. Gary* are cited with approval.

In Story, Conf. L., § 515, it is said:

"When a debt due a deceased person is voluntarily paid by the debtor at his own domicile in a state in which no administration is taken out, and in which no creditor and next of kin reside, to an administrator in another state, the sum paid is inventoried and accounted for by him in that state, the payment is good against an administrator afterwards appointed in the state in which the payment is made, although this is the state of the domicile of the deceased."

If, as a matter of fact, the intestate at the time of his death was domiciled in this state, and that fact does not appear upon the face of the record in the Georgia Court which granted the letters of administration, the plaintiff's remedy was to bring a direct action to vacate that proceeding. I express no opinion upon the virtue of that remedy. He certainly had no right to question the validity of that appointment in a collateral proceeding.

For all that appears to the contrary, the administrator may still have in his hands the assets received by him for which he would be accountable upon the establishment of the will. In any event the remedy of the plaintiff is against the administrator, as to the efficacy of which it would not be proper to express an opinion in this proceeding.

I think that the judgment of this Court should be that the judgment of the Circuit Court be reversed, and the proceeding dismissed, without prejudice to any rights the plaintiff may have against the Georgia administrator.