HENSON ET AL. v. WOLFE

(125 S. E., 293)

1. EXECUTORS AND ADMINISTRATORS—STATE OF DOMICILE PROPER PLACE FOR ADMINISTRATION OF ESTATE, NOTWITHSTANDING DEATH IN OTHER STATE DURING TEMPORARY ABSENCE.—Under Code Civ. Proc. 1922, §§ 179, 187, and Civ. Code 1922, § 5349, state of decedent's domicile, and not state in which he died while temporarily absent from state of domicile, was proper place for administration of estate.

2. WILLS—REFUSAL TO SUBMIT ISSUE OF DECEDENT'S RESIDENCE ON TRIAL OF ISSUE OF "WILL OR NO WILL" HELD NOT ERROR.—On appeal under Civ. Code 1922, § 5353, and Code Civ. Proc. 1922, § 188, from order of Probate Judge declaring will a nullity, refusal to submit issue as to place of testator's residence at time of his death on trial of issue of "will or no will" held not error.

3. WILLS—ADMISSION OF TESTIMONY OF TESTATOR'S ATTORNEY, MADE BENEFICIARY IN WILL, AS TO PREPARATION OF WILL HELD NOT PREJUDICIAL ERROR.—In contest of will making testator's attorney sole beneficiary, admission of attorney's testimony that he had typewritten attestation, but had not written other portions of will, had advised testator against making him beneficiary, and had suggested that testator leave estate to charitable institution, on objection that such evidence related to transaction with deceased held not prejudicial error.

4. WILLS—EVIDENCE HELD INSUFFICIENT FOR SUBMISSION OF QUESTION OF TESTAMENTARY CAPACITY.—In children's contest of father's will making father's attorney sole beneficiary, evidence held insufficient for submission of question of testamentary capacity.

5. WILLS—EVIDENCE HELD INSUFFICIENT FOR SUBMISSION OF UNDUE INFLUENCE.—In children's contest of father's will making father's attorney sole beneficiary, evidence held insufficient for submission of undue influence.

6. WILLS—EVIDENCE HELD INSUFFICIENT FOR SUBMISSION TO JURY OF DUE EXECUTION OF WILL.—Evidence held insufficient for submission to jury of question of due execution of will.

Before RICE, J., Anderson, October, 1923. Affirmed.

In the matter of the appointment of S. M. Wolfe, as administrator, with will annexed, etc., of Lexius P. Henson, deceased. On petition of Hugh Henson and another, by

guardian *ad litem*, to require administrator to prove will in solemn form. From a judgment sustaining the will, on appeal from Probate Court, petitioners appeal. Affirmed.

Mr. Wolfe testified that he had performed legal services for the testator; that he typewrote the attestation clause of the will, and that other portion was in testator's own handwriting; that he did not influence testator to make the will in his favor; and that he suggested that testator leave his estate to some charitable institution. Such testimony was objected to on the ground that it was testimony as to a transaction with the deceased.

The three witnesses who had attested will, testified that testator had signed the will in their presence. A number of witnesses who knew and who had traded with testator testified that his mental condition was good and that he was above the average intelligence in Negroes. Several witnesses, who testified they were familiar with Mr. Wolfe's handwriting, stated that the will was not in his handwriting and other witnesses, who testified they were familiar with testator's handwriting, testified the will was in testator's handwriting. There was testimony that the testator lived in Anderson, S. C., and that he had been employed as a carriage and buggy painter by various employers in such city. The evidence showed that testator had money deposited in a bank in Anderson. His children and an aunt testified that one of the children was living with a grandmother and the other with the aunt in the State of Georgia, and that testator died in such State while visiting them.

The exceptions follow:

(1) Error in refusing to submit to the jury the issue proposed by contestants, namely, "Did Lexius P. Henson reside in, or was he an inhabitant of, the County of Anderson, or the State of South Carolina, at the time of his death?"

(2) Error in permitting the proponent of the will to answer the questions as to whether or not the will was in his handwriting, as to whether he wrote the typewritten parts, whether he wrote any other part of it, and as to who wrote it; the error being in permitting the proponent of the will to testify as to a transaction or communication between himself and the deceased, he being the sole beneficiary under the will.

(3) Error in permitting the proponent to answer the following: "Did you use any influence or say anything to Lexius P. Henson to get him to make this will in your favor?"—the error being that it related to a transaction or communication with the deceased in regard to the making of the will, in which proponent was sole beneficiary, and was a leading question and called for an expression of opinion only.

(4) Error in permitting the proponent of the will to answer the question, "Mr. Wolfe, did you ever suggest to Henson to make some charitable institution the beneficiary?"—the error being that the answer related to a communication or transaction between the two relating to the will, under which proponent is sole beneficiary.

(5) Error in directing a verdict in favor of proponent on all issues submitted; the error being in holding that there was no testimony to go to the jury on the issues submitted by the Court.

*Messrs. Hood & Hood* and *J. M. Padget,* for appellant, cite: *Failure to exercise sound discretion:* 113 S. C., 270. *Payment by S. C. debtor to domiciliary administrator good discharge:* 123 S. C., 208; Code 1922, Volume 1, Sec. 437. *Testimony:* Code 1922, Vol. 1, Sec. 708; 47 S. C., 488; 88 S. C., 346; 100 S. C., 341; 22 S. C., 187. *Presumption of fraud or undue influence:* 61 S. C., 501; 82 S. C., 206; 89 S. C., 258; 108 S. C., 287; 110 S. C., 407; 117 S. C., 460; 170 N. C., 28; 153 N. C., 83; 226 Ill., 422; 269 Ill., 123; 91 Ala., 288; 250 Mo., 632; 70 Vt., 352; 95

N. Y., 516; 24 Ga., 325; 174 Ala., 205; 12 Rich., 232; 1
Bailey, 92. *As to burden of proof:* 89 S. C., 268. *Public
policy:* 82 S. C., 199; 61 S. C., 501. *Attorney and Client:*
2 R. C. L., 966, 969; 89 S. C., 363; 28 L. R. A. (N. S.),
270; 21 Am. St. Rep., 85 and Notes; 1 McC. Eq., 524; 12
Rich. L., 232. *Not exception to rule:* 114 S. C., 275; 86
S. C., 477. *Burden of proof:* 226 Ill., 422; 125 N. E.,
403; 68 Pac., 690; 68 Md., 321. *Good faith:* 61 S. C.,
505; 108 S. C., 271. *Wills:* 108 Pa. St., 395. Shouler on
Wills, etc., Vol. 1, page 361, 6th Ed. *Court erred in di-
recting a verdict:* 124 S. C., 314; 32; 117 S. C., 291; 106
S. C., 419; 100 S. C., 107; 95 S. C., 153. *Contestant's tes-
timony:* 117 S. C., 44; 121 S. C., 356.

*Messrs. Bonham & Allen* and *A. H. Dagnall,* for re-
spondent, cite: *Residence:* 116 S. E., 451. *Domicile:*
99 S. E., 240; 23 Kan., 425. *Probate of wills:* Code 1922,
Vol. 3, Sec. 5349. *Appeal:* Code 1922, Sec. 187; 118 S.
E., 38; 69 S. C., 46; 72 S. C., 388. *Jurisdiction of Circuit
Court:* Code C. P., 1922, Sec. 185, 3581. *Of the Supreme
Court:* Code C. P. 1922, Vol. 1, Sec. 185. *Special pro-
ceedings:* 113 S. C., 276; Code 1912, Sec. 3581; Jones on
Evidence, 1912, Par. 792, p. 995. *Execution of wills:* Code
1922, Vol. 3, Sec. 5336. *Disclosure of contents of will:*
52 Atl., 1053; 59 Am. Dec., 155; 118 S. E., 645. *Undue
influence; burden of proof:* 82 S. C., 40; 118 S. E., 206;
68 L. Ed. *Disposition of property:* 198 S. W., 288; 90 S.
C., 215. *Testamentary capacity:* 50 S. C., 105; 93 S. E.,
631. *Direction of verdict:* 91 S. C., 523; 101 S. C., 290;
119 S. E., 906; 119 S. E., 691; 121 S. E., 267; 93 S. C.,
71; 87 S. C., 174.

November 13, 1924.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

"Lexius Henson was a colored citizen of Anderson in this
State where he had resided up until his death, for a period

of 12 or 15 years. He died November, 1920, leaving of force and effect his will, wherein his personal friend and attorney, the respondent herein, was the sole beneficiary. In 1919 Mr. Wolfe, the beneficiary, took up his duties in the State Capitol as Attorney General, and in consequence thereof he did not learn of Henson's death till on or about April, 1922, when on a visit to his home town of Anderson. He immediately had the will proved in common form and admitted to probate by Hon. W. P. Nicholson, Judge of Probate for Anderson County. At the same time he applied for domiciliary letters of administration, and duly qualified and gave bond in this capacity. The appraisal of the decedent's estate disclosed the fact that its entire *corpus* consisted of personalty, very nearly all of which was situate in the City of Anderson, Anderson County, this State. *Wolfe, as Adm'r., v. Bank,* 123 S. C., 208; 116 S. E., 451.

"On May 4, 1923, the appellants petitioned the Judge of Probate that the respondent be required to prove the will in solemn form. By their guardian *ad litem,* an official of the bank, the will was contested on the following grounds: (1) Lack of mental capacity on the part of the testator; (2) will not executed in manner prescribed by law of South Carolina; (3) undue influence inducing the signing of the will on the part of the beneficiary, consciously or unconsciously exerted; (4) in contravention of law of attorney and client.

"The matter was heard by the newly elected Judge of Probate, H. E. Bailey, succeeding W. P. Nicholson. Neither the appellants nor other witnesses in their behalf were present before the Judge of Probate; the contestants relying upon the testimony adduced on behalf of the proponent. Notwithstanding, the will was declared a nullity. From this decree the proponent duly appealed to the Circuit Court upon a certified transcript of the record under Section 5353, Vol. 3, Civil Code 1922, and Section 188, Vol. 1, Code of Civil Procedure 1922, and pursuant to the practice outlined in *Meier v. Kornahrens et al.,* 113 S. C., 270; 102 S. E., 285.

Both sides gave notice of proposed issues to be framed for the jury; those proposed by the contestants embracing, among others, the question of residence of the deceased.

"The Court, Judge H. F. Rice, presiding, after due hearing, at the October term of the Court of Common Pleas, and under date of October 11, 1923, signed an order fixing the issues for the jury, to wit: (1) Was the paper propounded as the will of Lexius P. Henson duly and legally executed? (2) When said paper was executed, did Lexius P. Henson have testamentary capacity? (3) Is the paper propounded the true last will and testament of Lexius P. Henson?

"The contestants did not appeal from this order of October 11, and the case stood for trial at the next ensuing December term of the Court. When the case was called accordingly, contestants renewed their motion that the issue of residence of the deceased be submitted to the jury. The motion was refused; the Court expressing the opinion that the order of October 11 fixed the issues, and from this there had been no appeal.

"At the conclusion of the testimony, counsel for the proponent moved the Court for a directed verdict on the ground that there had been adduced on the part of the contestants no evidence putting in issue the questions of fact, and that the proof adduced on the part of the proponent affirmatively and conclusively established the will and entitled it to probate in due form of law. The Court did not summarily grant this motion, but at some length, gave his reasons for his action in so doing. From the verdict and order of the Court, this appeal is taken based upon five exceptions."

Exception 1 alleges error in refusing to submit to the jury the issue of residence of the deceased at the time of his death. No such issue was made in the Probate Court when the will was attacked there. The record shows that on April 18, 1922, the will was admitted to probate in common form by the Judge of Probate for Anderson County as the will

of Lexius Henson, and at the same time Wolfe applied for letters of administration, and thereafter in due time gave bond and qualified as domiciliary administrator with will annexed. All the proceedings show and recite that Henson was a resident of Anderson County, and that the bulk of his estate was in Anderson County, hence both residence and estate were sufficient for the Probate Court of Anderson County to acquire jurisdiction.

If Henson was temporarily absent from his domicile, and died in another State, then that State would not acquire jurisdiction, but the Court of his domicile would be the proper place. Section 5349, Vol. 3, Civil Code 1922; Section 168, Vol. 1, Code of Civil Procedure 1922; Section 179, Code of Civil Procedure 1922; Section 187, Code of Civil Procedure 1922. *Fultz v. McKnight,* 125 S. C., 115; 118 S. E., 38.

We see no error on the part of his Honor in refusing to submit to the jury the place of residence of the deceased at the time of his death on the trial of the issue of "Will or no will."

Exceptions 2, 3, and 4 are overruled as being without merit, as the appellant was in no manner prejudiced by the same.

Exception 5 is overruled. Under the evidence there was but one inference that could be drawn—that it was the will of the deceased in writing, signed by him and attested by three witnesses at his request and in the presence of each other; that the maker had sufficient testamentary capacity; and that no undue influence was used.

The appellants have failed to sustain any of their exceptions. Judge Rice was clearly right in directing a verdict under the evidence in the case; no other inference could be drawn.

All exceptions are overruled, and judgment affirmed.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE M. L. SMITH concur.

MR. JUSTICE FRASER: I think there was evidence enough to carry the case to the jury.

MR. JUSTICE COTHRAN: I concur in the above dissent, and think also that exceptions 2, 3, and 4 should have been sustained.