15308

DAHLBERG v. BROWN

(16 S. E. (2d), 284)

*Mr. Samuel Want, Mr. James S. Verner* and *Mr. Sam Rogol,* all of Darlington, for appellant,

*Messrs. Buist & Buist,* of Charleston, for respondent,

Counsel for appellant,

August 14, 1941.

· The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

This is an action at law brought by the respondent as plaintiff for the recovery of $97,305.08 for services alleged to have been performed, and expenses incurred in connection with tax matters relating to the estate of the late John Scruggs Brown, and for incidental relief. The action is brought against the widow of said testator in her individual capacity and also in her capacity as administratrix *c. t. a.*, of the estate of the testator.

The claim set forth in the complaint involves four separate items, to wit: (1) Compensation for services performed in connection with deficiency estate and inheritance tax assessments levied against the testator's estate, as the result of which services it is alleged large savings were effected for the estate; (2) reimbursement of expenses incurred by the respondent in the performance of his services; (3) compensation for services performed in preparing "Various and sundry tax returns * * * entirely separate and apart from the services of the plaintiff in contesting" the deficiency tax assessments; (4) an "accounting" by the appellant that will enable the respondent to ascertain whether he is entitled to compensation for any additional amounts saved to the estate by his services following his discharge by the appellant, and which may not have been taken into account by him in fixing the amount of his claim.

The questions before the Court arise under a demurrer to the complaint and under motions to strike certain portions of the complaint and to make the complaint more definite and certain in designated particulars. In the Circuit Court the demurrer was overruled and the motions refused.

The arguments of counsel have taken a wide range, and encompass a number of questions of substantive law that we do not deem it necessary to pass upon.

The pertinent facts disclosed by the record are as follows:

The late John Scruggs Brown died in July, 1934. At the time of his death he was a resident of Tennessee. During

his lifetime he had created a trust by the delivery of assets of an estimated value of $1,500,000.00 to the Farmers Loan and Trust Company of the City of New York. The trust instrument provides that the income of the trust shall be paid to the donor and to his wife, during the lifetime of both, in equal shares. Upon the death of either, the whole of the income is to be paid to the survivor during the term of his or her natural life. Further provisions relating to the disposition of the income and of the capital of the trust, after the death of Mr. and Mrs. Brown, are not material in this controversy. The donor, however, reserved a power of appointment by will over the corpus of the trust.

The trust instrument contains a drastic "spendthrift trust" provision to safeguard the income of the trust against the claims of creditors of Mr. and Mrs. Brown, and to prevent the assignment or anticipation of the income of either of the donees.

On the subject of the payment of estate and inheritance taxes, the trust instrument contains a provision to the effect that if by reason of the creation of the trust *inter vivos* "a transfer, estate or inheritance tax is assessed against the estate of the donor," the trustee shall pay such tax out of the principal of the trust fund.

The estate left by the testator at the time of his death in 1934, exclusive of the estate embraced in the trust instrument, was appraised at $142,181.82. The will devises the income of the estate to the appellant for life, subject to a "spendthrift trust" provision similar to that contained in the trust instrument. Exercising the power of appointment over the trust estate which he reserved in the trust instrument, the testator disposed of the trust fund by provisions in his will to become effective upon the death of the widow. The spendthrift trust provisions under which she obtained all of the income of the trust estate upon the death of her husband were not changed. The will disposed of the combined estates after the death of the appellant, and contains a provision for payment of all estate, inheritance and

other death taxes out of the general estate as an expense of administration. We may say here, parenthetically, that this provision of the will did not abrogate the aforementioned provision of the trust indenture providing for the payment of estate and inheritance taxes on the trust fund, should there be any, out of that particular fund.

The Farmers Loan and Trust Company of New York, the trustee named in the trust instrument, is named as executor and trustee of the estate left by the decedent. This concern accepted the trusteeship, but did not qualify as executor. Thereupon appellant applied to the proper Court in Tennessee for letters of administration *c. t. a.,* and was duly appointed.

Although, as hereinbefore stated, the action is brought against the appellant both individually and also in her representative capacity as administratrix *c. t. a.,* the complaint throughout uses the word "defendant" rather than the plural.

The plaintiff describes himself as "a certified public accountant, practicing his profession in Knoxville, in the State of Tennessee * * * ." The defendant, it is alleged in the complaint, resides in the City of Charleston, South Carolina. There is no allegation in the complaint as to where the assets of the trust estate and of the decedent's estate are located, except that in referring to the creation of the trust *inter vivos,* the complaint states that assets to the value of more than a million and a half dollars were placed in the trust. There are no allegations in the complaint from which it can be inferred that any assets of the estate are situate in South Carolina, and it is not alleged that ancillary letters of administration in South Carolina have been sought.

Although the greater portion of the respondent's claim is founded upon allegations to the effect that the respondent is entitled to be paid (on a *quantum meruit* basis) a fee equal to twenty-five per cent. of the saving in inheritance and estate taxes effected for the benefit of the estate, it is not alleged that the respondent was employed by the Farmers Loan and Trust Company of New York, which as trustee

under the above-quoted provision of the trust instrument was under obligation to pay all estate and inheritance taxes assessed against the assets embraced within the trust; nor is it alleged that the appellant had or claimed to have authority to bind the trustee; or that any demand upon the trustee for payment has been made by the respondent and refused. The theory of the respondent's claim, though not so stated by him, appears to be that because the appellant is a beneficiary of the estate (only however to the extent of the income thereof) the respondent's services must be taken to have been rendered for the benefit of the beneficiaries of both the income and capital of the estate, and that the alleged employment of the respondent by the appellant entitles him to be paid the value of his services out of the capital funds of the estate.

Just how the assets of the estate can be reached by respondent through any judgment that might be obtained in this action to which the trustee is not a party is not apparent. Respondent's counsel touches this point in his argument with the suggestion that if the appellant, having transferred the assets of the estate of her testator to the trustee (which was in keeping with the directions of the will), "has left herself without sufficient assets to pay such judgment as might be rendered against her individually in this case, it would not be inappropriate for the Court to assert some manner of extraordinary remedy against her in her representative capacity, sufficiently drastic to undo the things that she has done in this attempted fraud  *  *  * ." Since, however, we are in accord with the view expressed in the order of the Circuit Court that this action must be construed as one against the appellant individually, and being of the further view that for this reason, among others, a judgment is not obtainable in the present action against the appellant in her representative capacity, we need not enter into a discussion of the remedies that may be open to the respondent in the event that in a later case, properly brought

against a representative of the testator's estate, a judgment binding upon such estate is obtained by the respondent.

The respondent's claim to twenty-five per cent. of the amount he alleges was saved to the estate in estate and inheritance taxes through the services performed by him is founded on an alleged custom in his profession to charge from twenty-five to fifty per cent. of the amount saved to an estate in this class of cases, and respondent alleges that he elects to charge the minimum of twenty-five per cent.

On this subject the appellant, by demurrer and motion, raises the point that the complaint does not set forth a cause of action on a contract to pay a percentage of the amount saved, and that the basis of respondent's claim is a contingent fee basis. And in the absence of an allegation of contractual stipulations on this point it is contended that he is not entitled to recover. We think the complaint was intended to be bottomed upon a *quantum meruit* basis, but deem it unnecessary to pass on the question whether on such basis, the respondent may prove the custom alleged by him, and whether under such a custom he could recover on a percentage basis. The allegations of the complaint on this subject are argumentative and evidentiary in character. They are not essential to the statement of the respondent's claim, and will be treated herein in that light. It will be more appropriate to await the trial of the case, when all of the facts can be adduced, to determine whether, in fixing respondent's compensation on a *quantum meruit* basis, there is any such custom as the respondent alleges, and whether such custom can control the rights and liabilities of the parties in this case.

A further point made by the appellant, both by demurrer and motion, is that the allegations of the complaint bear no other construction than that the respondent, who is not a member of the bar, is claiming compensation for strictly legal services performed by him, and that such a claim is not legally enforceable. Although this question has been fully argued in briefs of counsel, we make no ruling there-

on. The factual issue involved in the problem is not fully deducible from the allegations of the complaint, and we feel that when the complaint is redrafted as required by the views hereinafter expressed, this problem will be found to be one that should be dealt with on the trial of the case on its merits.

The disposition of the procedural questions will in our opinion dispose of all of the exceptions as far as necessary at this stage of the case.

■ The complaint as construed by respondent's counsel and by the Circuit Court states no cause of action against the appellant in her representative capacity. On this point the Circuit Judge states in his order that "the plaintiff, in argument, construes the suit as being primarily against the defendant individually. This construction is accepted by the Court as proper because the liability created by an executor who seeks services for the benefit of an estate is primarily a personal liability." After having thus correctly disposed of the issue, the order of the Circuit Court goes on to discuss the question whether it is nevertheless proper to join in the same suit a claim against the defendant individually and also against her in her representative capacity, and reaches the conclusion that the joinder of the appellant in her representative capacity was not improper under the facts alleged in the complaint.

■ We have given careful consideration to the authorities cited by respondent's counsel, and in the order of the Circuit Judge, and we are unable to find any basis upon which the joinder of the appellant in her capacity as administratrix can be supported. There can be no doubt about the fact that the appellant, in her individual capacity, could make a contract for the performance of services by the respondent in connection with both the original trust estate and the estate left by the testator at the time of his death. But it is not alleged that she made a contract in her representative capacity. She was appointed by a Court in Tennessee. There is no ancillary administration in South Carolina. If there are special circumstances under which a

foreign administratrix or executrix can be sued in South Carolina, on a purely contractual obligation, no such circumstances are alleged in the complaint. *Wolfe v. Bank of Anderson,* 123 S. C., 208, 116 S. E., 451.

On the question of the right to join the appellant in her representative capacity, appellant's counsel makes the further point that after setting forth fully the appointment of the appellant as administratrix *c. t. a.,* by the proper Court of the State of Tennessee, the complaint alleges that the "defendant has gone through a form of being relieved of such rights and duties and obligations, but that the said form is a nullity, and of no effect, because the defendant attempted to secure such relief while knowingly leaving unpaid indebtedness of said estate."

The appellant's contention is that this is a collateral attack upon an order of a Court of competent jurisdiction, and that the quoted language sets forth a conclusion of law and fact without any supporting allegations to sustain it. The demurrer and motions before the Court raise the issue that through this allegation the complaint shows on its face that the appellant no longer holds the representative capacity in which she has been sued, and that if this position is not sustained, the quoted language should be made more definite and certain by setting forth what is meant by the same, that is to say, why the discharge of the appellant as administratrix, which is clearly implied from the language used, "is a nullity and of no effect."

We do not agree with the holding of the Circuit Court that by her demurrer, the appellant has admitted the allegation in question. "A demurrer admits facts, but not construction of statutes or conclusions of law or fact." Headnote, *Henderson v. McMaster,* 104 S. C., 268, 88 S. E., 645. "Demurrers to a complaint admit facts alleged therein but do not admit inferences drawn by plaintiffs from such facts, and it is for the court to determine as to whether or not such inferences are justifiable." Headnote, *Oliveros v. Henderson,* 116 S. C., 77, 106 S. E., 855.

It appears to us that this allegation is inconsistent with the allegations of the complaint that the respondent holds the capacity of administratrix *c. t. a.*, and that if it is to be given effect, it eventually shows that the complaint is not sustainable as setting forth a cause of action against the appellant in her representative capacity. On the other hand, if we accept the respondent's view that there is no inconsistency in the complaint on this subject, it would follow that the respondent should particularize the grounds upon which it is alleged that the discharge of the appellant in her representative capacity is a nullity. This is a legal conclusion for which the complaint affords no actual or legal support. This point, however, is rendered immaterial if the present case is prosecuted as a suit against the appellant in her individual capacity. In such a suit the allegation would be irrelevant.

Included in the respondent's claim is an item of $798.00 for expenses incurred for numerous trips in connection with the performance by the respondent of his services, and for telephone and telegraph tolls, and "for clerical services and expenses." There is no further specification of the items entering into the sum of $798.00 and the respondent alleges that the amount of the same "is not exactly known" to him, but is not less than the sum stated.

The appellant has asked that the respondent be required to make his complaint more definite and certain by setting forth the items of this claim.

Certainly the appellant is entitled to know what "clerical services and expenses" are embraced in the claimed item and to what extent the item includes telephone calls, telegrams, and travel. These are matters peculiarly within the knowledge of the respondent. Considering the large charge made by him for the services which he alleges, he can hardly complain about the appellant's demand that he furnish the particulars of his expense claims, so that she may make due inquiry into the same in prepara-

tion for the trial. The matter appears to us to be covered by Section 476 of the Code which provides that "the court may, in all cases, order a bill of particulars of the claim of either party to be furnished."

Respondent's claim includes an item of $561.55 as a balance alleged to be due by appellant on an original account of $1,411.55 for the preparation of "various and sundry tax returns." These tax returns were "entirely separate and apart from the services of the plaintiff in contesting" the deficiency assessments for estate and inheritance taxes. On this item the appellant has moved that the complaint be made more definite and certain by setting forth the particular items of service for which this claim is made, and the basis of compensation upon which the figures were arrived at. Appellant contends that only one cause of action is contained in the complaint, in which compensation is claimed principally on a *quantum meruit* basis, with the specific allegation that there was no agreement as to the basis of compensation for the principal item of the services rendered, and yet that the respondent shows that he must have had some contractual arrangement with the appellant that enabled him to charge her this specific sum for certain other services, without any suggestion that the sum was arrived at on a *quantum meruit* basis.

The appellant has also moved that the cause of action for this specific item be separated from the cause of action for the other services claimed by the respondent to have been performed by him.

We think it clear that under our Code practice and especially under the express provisions of Section 487 of the Code which requires that each cause of action shall be separately stated, the appellant is entitled to have this claim set forth in a separate cause of action. And because of the inconsistency of the *quantum meruit* basis of the larger part of respondent's claim with the definite method of calculation upon which this item of his claim was calculated, the

appellant is entitled to have the particulars of this claim, so that she may know the basis of compensation upon which it is arrived at, as well as the items of service to which, apart from the allegations of the complaint respecting the remainder of respondent's claim, the same relates.

The appellant, by motion, has attacked various provisions of the complaint on the ground that the same are variously irrelevant, redundant and argumentative.

It is pertinent to observe that the complaint covers sixteen and one-half pages of the printed record. It would be remarkable if such a complaint, setting forth a cause of action of the character above indicated, did not in some measure violate the statutory injunction that a complaint shall comprise, other than formal matters only "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." Code, Section 456. We think the complaint does violate this rule. Much of the complaint is taken up with a detailed presentation of the manner in which and the methods by which and the theory under which the respondent claims to have obtained relief from a large deficiency assessment of estate and inheritance taxes. The pleader goes at length into the viewpoint under which he proceeded in attacking the deficiency assessment, and into the circumstances under which his services were contracted for and rendered; and finally discontinued. There is, for example, in Paragraph 32 of the complaint, which alone takes up nearly a page and one-half of the printed record, very little that is not already alleged in other portions of the complaint, and without passing upon the nature or extent of the testimony that will be admissible in the proof of respondent's case, we can see no justification for such challenged allegations as the one contained in Paragraph 26 of the complaint to the effect that the appellant not only terminated the services of the respondent before the same were completed by him, but that the appellant "also terminated the services of her attorney who had heretofore

been advising her and engaged the services of another attorney."

It is unnecessary to go into the specifications of the motions of appellant respecting such matters, for we think it clear that when the complaint is redrafted in such manner as to conform to the rulings herein made, a due regard for the established rules of pleading that have been invoked will result in the elimination of much of the complaint to which the motions are directed.

The judgment of the Circuit Court is reversed, and the case is remanded for further proceedings in accordance with this opinion. The respondent has leave to serve an amended complaint within twenty days after the remittitur herein goes down; and the appellant will have a like number of days thereafter in which to plead thereto in such manner as she may be advised.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER, FISHBURNE and STUKES concur.