15466

### WHITTREDGE v. BUCKLEY
(22 S. E. (2d), 720)

*Messrs. Kirkland & DeLoach,* of Camden, Counsel for Appellant,

*Messrs. Gettys & Shannon,* of Camden, Counsel for Respondent,

November 16, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

The complaint in this case alleges that the appellant, in the early part of the year 1940, entered into a written contract with a building firm to reconstruct and rebuild a dwelling and some outbuildings owned by her in the City of Camden, S. C., in accordance with certain plans and specifications which had been prepared by the respondent, a copy of the contract being attached to the complaint. It further alleges that on the 1st day of March, 1940, appellant entered into a written contract with the respondent whereby she employed respondent to superintend the work to be done on her dwelling, for which respondent was to receive two per cent. of the cost of all work on which the building firm received eight per cent., and five per cent. on all work for which the building firm received only five per cent. And that it was further agreed in said contract that on the first of each month during the progress of the work, the builders should submit to respondent a statement of the amount due them for work done and expenditures made by them during the preceding month, together with bills and invoices therefor, and upon certification by the respondent to appellant as to the amount due the said builders, such amount would, on or before the 10th of such month, become due and payable, together with the commissions due both the respondent and the builders. A copy of this contract was attached to the complaint.

The complaint further alleges that the work was completed during March, 1941; that respondent fully performed her part of the contract; that while the builders have been paid in full, the appellant has failed and refused to pay to respondent the commissions agreed to be paid for the work

done and materials furnished for the months of January, February and March, 1941, under the terms of the contract amounting to $866.86.

The answer of the appellant first qualifiedly admits the allegations of the complaint except so much thereof as alleges that she is indebted to respondent in any amount, and this she denies "by reason of the matters and things hereafter set forth." For a further defense and counterclaim, she then alleges:

"1. That at the times mentioned in the complaint, commencing with the first day of March, 1940, and thereafter, plaintiff undertook to become superintendent or agent of defendant in the renovation of her home described in the comp'aint and as such agent, defendant reposed especial trust and confidence in plaintiff, authorizing plaintiff as such agent to purchase for her account various and sundry items which went into the building or renovation of structures upon or to be placed upon the premises of defendant, and to landscape and to plant grass, shrubs and trees and the like upon the premises.

"2. That although defendant has demanded of plaintiff an accounting of her actions in behalf of the defendant, no accounting whatever has been made to defendant by plaintiff and defendant is entitled to such accounting.

"3. That defendant is informed and believes that in her capacity as agent, plaintiff purchased for the account of defendant, goods, wares and merchandise, and that in addition to commissions agreed to be paid plaintiff under the contract attached to the complaint, plaintiff was paid commissions or gratuities by many of the persons, firms or corporations with whom she did business for and in the name of defendant without defendant's knowledge or consent.

"4. That defendant is entitled to all benefits, profits, advantages, rights, privileges, or commissions so obtained and is entitled to an accounting therefor on the part of plaintiff, whether the same were included within the purview of the

agreement attached to the complaint or otherwise while plaintiff was acting in the relationship of agent of defendant aforesaid."

We are apprised of a motion to make the defense in the answer above set out more definite and certain by the order of the Circuit Judge granting same, and in which he ordered the appellant to amend such defense: "(1) By setting forth and listing in Paragraph one thereof the various and sundry items authorized by defendant to be purchased for her by the plaintiff; (2) by setting forth in detail in Paragraph two thereof the goods, wares and merchandise alleged to have been purchased by plaintiff for the defendant, and also to itemize the commissions and gratuities alleged to have been paid to the plaintiff, and to set forth the names of the persons paying such commissions or gratuities."

It is from this ruling that appeal is made to this Court.

"The object of pleading is to advertise the parties of the issues they will be called upon to meet, and give them time and opportunity to prepare for trial." *Singleton v. McLeod et al.,* 193 S. C., 378, 8 S. E. (2d), 908, 910, quoting from *Shelton v. Southern Railway,* 86 S. C., 98, 67 S. E., 899.

The counterclaim of the appellant informs the respondent that she will be called upon to account for the commissions and gratuities paid to or granted her by persons, firms and corporations from whom she purchased goods, wares and merchandise while acting as the agent of the appellant, and while doing business with them in the name of the appellant. No one knows better than the respondent if she purchased goods, wares and merchandise in the name of appellant, and for her; the names of the persons, firms and corporations from whom she made these purchases, and the items; and the amount of the commissions or gratuities, if any, paid to her by these persons, firms and corporations. It was never intended that a litigant could learn just how much the opposing litigant knows in

advance of a trial under the guise of making pleadings more definite and certain when such litigant has full and complete knowledge of all transactions, the details of which are peculiarly within the knowledge of such litigant. If the respondent made no purchases as the agent of appellant, or if no commissions were paid her by the persons, firms and corporations from whom she did purchase merchandise for the appellant, then all she has to do is to enter a denial.

The case of *Dahlberg v. Brown,* 198 S. C., 1, 16 S. E. (2d), 284, 288, cited by respondent does not sustain her position. In that case, among other amounts, the plaintiff was suing for $798.00, alleged to be due him for expenses incurred in connection with the performance of his services to the defendant. This Court in requiring that plaintiff make his complaint more definite and certain, stated:

"Certainly the appellant is entitled to know what 'clerical services and expenses' are embraced in the claimed item and to what extent the item includes telephone calls, telegrams, and travel. These are matters peculiarly within the knowledge of the respondent. Considering the large charge made by him for the services which he alleges, he can hardly complain about the appellant's demand that he furnish the particulars of his expense claims, so that she may make due inquiry into the same in preparation for the trial. * * *"

The order requiring the appellant to make her answer more definite and certain in the particulars mentioned, is reversed, and the case is remanded to the Circuit Court.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.