# FALL SESSIONS,

## 1900.

JOHN DOE on the demise of JOHN PRITCHARD, *vs.* RICH-
ARD ROE, casual ejector, and HENRY HENDERSON, ten-
ant in possession.

*Court in Banc—Ejectment—Case Stated—Will; Probate in An-
other State; Effect of in this State—Evidence—Constitution
of United States—Statute—Real Estate ; Title to—For-
eign Court; Findings of Fact by—Estoppel.*

1. Titles to land can be acquired and lost only in the manner prescribed by the
law of the place where such land is situated. The provision of the United States
Constitution, which requires full faith and credit to be given in each State to the rec-
ords and judicial proceedings of every other State, applies only to the records and
proceedings of courts, so far as they have jurisdiction. The courts of a State being
without jurisdiction as to the title to lands in another State, this provision of the Con-
stitution does not make conclusive the probate proceedings in one State in respect to a
will devising lands in another State.

2. The right of a State to prescribe the laws which shall regulate and control
titles to real estate within its borders necessarily requires that such State shall have
full power to determine whether those laws have been observed and obeyed.

3. While the statute of this State makes a duly verified copy of a will proved
in another State and probate, or the record thereof, "sufficient evidence," in courts of
this State where such evidence is pertinent to the issue, it does not make such evidence
conclusive, and the statements contained in such copy or record may, in an action in
this State in relation to the title of land here situated, be contravened.

4. As to immovable property the law of the place where it is situated governs
both as to the capacity of the testator and the requisites to the will's validity. The
validity of a will of lands situated in Delaware made by a non-resident, and not
proved here, may be tried in ejectment, if the will be given in evidence, by one claim-
ing under it in an action by the heir. And where such will of lands here has been
proved abroad the foreign probate is not conclusive here, but may be controverted.

5. The probate in another State of a will devising land here not being con-
clusive, it follows that the refusal of a Court of another State to admit such a will to
probate is not conclusive, for in both cases the reason is the same.

6. While the Court of another State has jurisdiction to find that an alleged will,
so far as it relates to personal property and lands in that State, was procured by fraud
and undue influence, and that the testator was not of sound and disposing mind and

memory, it has no jurisdiction to make a conclusive determination as to these facts or any other facts touching the validity or invalidity of the paper, so far as the same relates to land in Delaware. The defendant in an action of ejectment in this State would not be estopped from denying any or all of said findings of fact by the courts of such other State.

(*September 24, 1900.*)

Judges SPRUANCE, GRUBB, PENNEWILL and BOYCE sitting.

*Anthony Higgins* and *Albert Constable* for plantiff.

*J. Harvey Whiteman* and *Charles B. Evans* for defendant.

Court in Banc.

EJECTMENT. CASE STATED, from the Superior Court for New Castle County—No. 78, November Term, 1899.

SPRUANCE, J. :—The following are the material facts set forth in the case stated and in the transcript of the record of certain probate proceedings in the State of Maryland attached thereto and made a part thereof.

Caroline C. Pritchard, a resident of Cecil County in the State of Maryland, died there on the ————— day of February, 1896, seized and possessed of certain real estate situate in New Castle County in this State, for the recovery of the possession of which this action was brought, and also seized and possessed of certain real and personal estate in the State of Maryland.

John Pritchard, the plaintiff's lessor, is the child, and sole heir at law of the said decreased, and Henry Henderson, the tenant in possession of said real estate situate in this State, claims title to the same under the alleged will of the said Caroline C. Pritchard hereinafter mentioned.

After the death of the said Caroline C. Pritchard, to wit, on February seventeenth, 1896, a paper writing, bearing date the twenty-eighth day of January 1896, purporting to be her last will

and testament devising among other things, the said real estate situate in this State to the said Henry Henderson, was propounded for probate to the Orphans' Court of Cecil County, Maryland, by Alfred B. McVey the person therein named as executor, and thereupon the same was admitted to probate by the said Court, and letters testamentary thereon were granted to the said Alfred B. McVey.

Afterwards, upon the petition and caveat of the said John Pritchard, the said Orphans' Court transmitted to the Circuit Court for Cecil County, Maryland, certain issues of fact relating to said paper writing for trial by jury, which issues were thence removed to the Circuit Court for Harford County, Maryland.

Upon the trial of said issues in the latter Court, the jury found, that the said paper writing was executed and attested in due form as required by law; that the said Caroline C. Pritchard at the date of the alleged execution of said paper writing was not of a sound and disposing mind, memory and understanding; that the contents of the said paper writing were read to or by the said Caroline C. Pritchard, or known to her, at or before the time of the alleged execution thereof; that the said Caroline C. Pritchard, at the time of the alleged execution of the said paper writing did not understand the contents thereof; that the execution of the said paper writing was procured by the undue influence exercised and practiced upon the said Caroline C. Pritchard by the said Henry Henderson and others acting in conjunction with him; and that the execution of the said paper writing was procured by the fraud of the said Henry Henderson and others acting in conjunction with him.

Upon the return to the said Orphans' Court of the transcript of the record of the said proceedings in the Circuit Court for Harford County, the said Orphans' Court on the twenty-ninth day of August, 1898, ordered and adjudged that the said paper writing was not in fact and in truth the last will and testament of the said Caroline C. Pritchard, nor entitled as such to probate, and that the said orders of the said Orphans' Court of February seventeenth,

1896, admitting said paper writing to probate and granting letters testamentary to the executor named therein, be revoked and annulled.

Afterwards, on the seventh day of September, 1898, the said Orphans' Court issued letters of administration on the personal estate of the said Caroline C. Pritchard to the said John Pritchard. The said Henry Henderson was not a party of record in the said probate proceedings in said Maryland courts, but was present and testified therein as a witness in support of said alleged will.

The question upon which our opinion is required is :

Whether the said Henry Henderson is estopped by the said probate proceedings in Maryland, or by anything therein contained, from claiming in said action of ejectment that said alleged will of said Caroline C. Pritchard is the valid last will and testament of the said Caroline C. Pritchard as to the lands specified in the consent rule, situate in the State of Delaware ?

It is a well settled principle of law that title to land can be acquired and lost only in the manner prescribed by the law of the place where such land is situated.

*U. S. vs. Crosby, 7 Cranch, 115.*

Story, in his *Conflict of Laws*, treating of wills of real estate, says, "The doctrine of the common law is clearly established, that the law of the place where the property is locally situate is to govern as to the capacity of the testator, the extent of his power to dispose of the property, and the forms and solemnities to give the will its due attestation and effect." (Sec. 474.) And again, "All the authorities recognize the principle in its fullest import, that real estate is exclusively subject to the laws of the government within whose territory it is situate." (Sec. 428.)

The provision of the Constitution of the United States which requires full faith and credit to be given in each State to the records and judicial proceedings of every other State, applies only to the records and proceedings of courts so far as they have jurisdiction. Whenever they want jurisdiction, the records are not entitled to credit.

*Public Works vs. Columbia College, 17 Wallace, 528.*

The courts of a State being without jurisdiction as to the title to lands in another State, this provision of the Constitution does not make conclusive the probate proceedings in one State in respect to a will devising lands in another State.

*Nelson vs. Potter, 15 Atl. Rep., 375, (Sup.   C.,   N.   J.); Keith vs. Johnson, 10 S. W., 597, (Sup. C. Missouri.)*

The right of a State to prescribe the laws which shall regulate and control titles to real estate within its borders, necessarily requires that such State shall have full power to determine whether those laws have been observed and obeyed.

In *Darby vs. Meyer, 10 Wheaton, 465*, which was an action of ejectment in Tennessee as to the title of lands there, devised by a will probated in Maryland, the Court say : "Upon general principle there is no question that lands in Tennessee must in all respects be subject to the land laws of Tennessee.   Their laws effect devises, and the rules of their courts respecting evidence in ejectment must be the law of this case so far as the Constitution of the United States does not control the one or the other.   With regard to the modification under which the right of devise may be exercised, there is no question that the power of the State is unlimited; and wills of reality wherever executed must conform to the laws of Tennessee.   The right to determine whether its laws have been complied with in this respect, is a necessary result from the power of passing those laws."

*Jones vs. Haversham, 107 U. S., 174*, and *Robertson vs. Pickerel, 109 U. S., 608*, are to the same effect.

Our statute of wills provides that, "When a last will and testament, in writing, of a person not residing in this State at the time of his death, signed by the testator, or by some person subscribing the testator's name in his presence and by his direction, and attested and subscribed in his presence by two or more credible witnesses, is proved in another state, territory, or country, before competent authority, a copy duly verified of such will and testament and the proof thereof, or of the record of such will and testament and proof,

shall be sufficient evidence;" and authorizes such copy to be recorded in the office of the Register of the county wherein are any lands of the testator, and makes said record, or an office copy thereof, sufficient evidence.

*Rev. Code, Ch. 84, Secs. 6 and 7.*

While this statute makes a duly verified copy of such a will and probate, or the record thereof, "sufficient evidence" in the courts of this State in cases where such evidence is pertinent to the issue, it does not make such evidence conclusive, and the statements contained in such a copy or record may, in an action in this State in relation to the title of land here situated, be controverted.

In *Pennell's Lessee vs. Weyant et al., 2 Harr., 501*, the Court remarked in reference to this statute, that, "The clause in the act authorizing a copy to be filed in the office here, seems to be merely for the purpose of making an office copy of such record evidence."

In *McCormick vs. Sullivant, 10 Wheat., 192*, the Court, in construing a similar statute of Ohio say, "If the will be proved and recorded in another State, according to the laws of that State, an authenticated copy of the will may be offered for probate in the Court of the county where the land lies without proof by the witnesses; but it is liable to be contested by the heir at law; as the original might have been. It is an acknowledged principle of law that the title and disposition of real property is exclusively subject to the laws of the country where it is situated, which can. alone prescribe the mode by which title to it can pass from one person to another.

This whole subject was fully considered by the Superior Court of this State in 1839 in *Pennel's Lessee vs. Weyant, et al., 2 Harr., 501*, and the conclusions therein reached have never since, so far as we know, been questioned in any of our courts.

This was an action of ejectment to recover certain lands in New Castle County. The lessors of the plaintiff were two of the heirs at law of Isaac Jones, a resident of Philadelphia, alleged to have died intestate in 1829. The defendants claimed under an alleged will of the said Isaac Jones made in 1807, which was in

1830 admitted to probate in Philadelphia. A certified copy of the record of said will and probate from the Register's office in Philadelphia, was offered in evidence by the defendants, and having been objected to, was ordered by the Court to be read subject to the objection.

The plaintiffs called a witness for the purpose of impeaching the will, which was objected to on the ground that a will admitted to probate in another State and duly certified, could not be controverted in an action of ejectment here.

After argument, Chief Justice John M. Clayton delivering the opinion of the Court, said:

"The admitting a will to probate is a decree or sentence; it is by a judicial officer having exclusive jurisdiction; and upon general principles the Court holds his sentence to be right until it is appealed from or reversed in the regular mode. But this is not a case where any Register of our State has ever had this will *sub judice*. It is not doubted that the *lex loci* is to govern. These lands lie in Delaware. If the courts of Pennsylvania could make a decision setting up a will as to lands here, without any opportunity of reviewing that judgment, it would be violating a great general principle; and, for comity, surrendering the substantial requirements of our law. We hold therefore as at present advised: * * *

" 2nd. That as to immovable property, the law of the place where it is situated governs, both as to the capacity of the testator and the requisites to the will's validity.

" 3rd. That the validity of a will of lands situated in Delaware made by a non-resident, and not proved here, may be tried in ejectment, if the will be given in evidence by one claiming under it in an action by the heir.

" 4th. And where such will of lands here has been proved abroad, the foreign probate is not conclusive here but may be controverted."

If the probate in another State of a will devising lands here is not conclusive, it must also be true that the refusal of a Court of another State to admit such a will to probate is not conclusive.

In both cases the reason is the same, viz: That no Court of another State has jurisdiction to determine the question of the validity of a will devising lands here.

*Rice vs. Jones, 4 Call, 89,* decided by the Court of Appeals of Virginia in 1786, is almost identical with the present case.

In May 1784 a Probate Court of North Carolina admitted to probate the will of Dr. Savage, a resident of that State, and granted letters testamentary thereon to Edward Rice, the executor therein named.

At the next November Term of said Court, upon an affidavit of fraud in procuring the execution of the will, a rule was granted upon the executors to show cause why the probate of said paper should not be set aside. On the return of the rule the executor appeared, and the Court having heard the allegations and proofs on behalf of the executor and on behalf of the persons at whose instance the rule was obtained, and arguments by counsel on both sides, unanimously determined that the said Savage at the time of making and executing said paper, from the low state of his mind at that time, was incapable of making a last will and testament, and the Court therefore ordered that said probate be revoked, and declared the said paper to be null and void.

In April 1785, the said Rice applied to the General Court of Virginia for the probate of said paper which was opposed, and a copy of the record of said proceedings in North Carolina was produced. The Court adjourned the case to the Court of Appeals, which after full hearing, adjudged, "That the general Court are not restricted from receiving any will, by which lands, lying in this State, are devised, so far as the title of lands may be affected, although the same will may have been declared void by any Court in any other of the United States, for any cause whatever."

While the plaintiff's lessee concedes that the judgment of the Maryland Probate Court, that the said paper writing was not the last will and testament of the said Caroline C. Pritchard, nor entitled as such to probate, will not estop the defendant in this action from claiming that said paper writing is the valid last will and tes-

tament of the said Caroline C. Pritchard (as the Maryland courts had no jurisdiction to pronounce a judgment annulling a paper as a valid will, so far as affects lands in another State), he insists, that the findings of fact in the Maryland Court on which said judgment was based are conclusive in the action of ejectment here, and that the defendant is estopped from denying such findings.

The grounds of this contention are, that the said proceeding in the Maryland Court should be regarded as a proceeding *inter partes*, and that the findings of fact there bind all parties to the proceeding. That while the defendant was not a party of record in said proceeding, he was present and testified therein in support of the will, and that the executor, who propounded the will and maintained its validity, represented all persons claiming under the will as legatees or devisees, and thus the defendant became a party to the proceeding, and as such is bound by the findings of fact therein, and is estopped in said action of ejectment from denying the truth of the said findings.

*Outram vs. Morewood and wife, 3 East, 346*, and *Preistman vs. Thomas, 9 Probate Division, 210*, were relied upon with great confidence in the argument in support of the application of the doctrine of estoppel in this case.

Outram vs. Morewood and wife was an action of trespass for injury to land claimed by the defendants in right of the wife. In a former action of trespass by the same plaintiff against the wife, then sole, for another injury to the same land, she had pleaded a certain title, on which issue was joined, and there had been a verdict adverse to her on that plea. The same title was pleaded by her and her husband in this action. It was held that the defendants were estopped from controverting the finding in the former action, Lord Ellenborough saying that "The recovery of itself in an action of trespass is only a bar to the future recovery of damages for the same injury; but the estoppel precludes parties and privies from contending to the contrary of that point, or matter of fact, which having been once distinctly put in issue by them, or by

those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them."

Both of these actions were in reference to the title to land in England, as to which the English Court had full jurisdiction, but if the first of these actions had been in reference to the title to land in Delaware, and a subsequent action had been brought in Delaware against the same defendants in reference to the same subject, they would not have been estopped from controverting the findings in the first action, as the English Court would have had no jurisdiction to determine any questions as to the title to land in Delaware, so as to make such determination conclusive in the courts of Delaware.

Priestman vs. Thomas was an appeal from a decision of the Probate Division.

In an action in the Probate Division, T. and G. propounded an earlier, and P. a later will. The action was compromised, and by consent of all parties the earlier will was admitted to probate.

Subsequently P. brought an action against T. and G. in the Chancery Division for the purpose of having the earlier will declared a forgery and the compromise set aside. This action was tried by a Judge of the Queen's Bench Division before a jury, and a verdict was rendered that the compromise was obtained by fraud of T., that the will was a forgery, and that T. was a party or privy to the forgery, and thereupon the Judge of the Chancery Division gave judgment that the compromise was invalid and should be set aside.

A later action was brought in the Probate Division, by P.; against T. and G., for the revocation of the probate of the earlier will, and upon appeal it was held, that while the Chancery Division had no jurisdiction to revoke the probate of the will, it had full jurisdiction to decide that it was a forgery, and T. and G. having been parties to the action in the Chancery Division, were estopped from denying the forgery.

While the Chancery Division had jurisdiction to decide that the will was a forgery so as to make that decision conclusive upon

the parties in any other English Court, it does not follow that this decision would be held to be conclusive upon the parties in a Court of another country in an action relating to the title to land in that country. If said will had contained a devise to T. and G. of land in Delaware, they would not, in an action of ejectment in Delaware brought to determine the title of said land, be estopped from denying that said will was a forgery by reason of the finding of the English Chancery Court, because that Court had no jurisdiction to decide the question of forgery so far as it concerned the title of land in Delaware.

All of the other cases cited in support of the claim of estoppel are subject to like criticism. In none of them is the estoppel held to apply where the finding was in respect to a matter not within the jurisdiction of the Court.

No case is known to us where the finding of a Court that a deed or will purporting to pass real estate situate in another State, was forged, or procured by fraud, or that the maker was mentally incompetent, has been held to be conclusive in the courts of the State where such real estate was situate.

In Rice vs. Jones above cited, the executor named in the alleged will devising lands in Virginia was not held to be estopped in the Virginia Probate Court from denying the finding of the North Carolina Probate Court, in proceedings to which he was a party, that the testator at the time of executing said paper was incapable of making a last will and testament.

For the purposes of this case it is wholly immaterial whether the defendant in said action of ejectment was or was not a party to the said proceedings in Maryland. While the Maryland Court had full jurisdiction to find that the alleged will so far as it related to the testator's personal property and her lands in Maryland, was procured by fraud and undue influence, and that she was not of sound and disposing mind and memory, it had no jurisdiction whatever to make a conclusive determination as to these facts or any other facts touching the validity or invalidity of the paper, so far as the same relates to the title to the land in Delaware. The

defendant therefore is not estopped from denying in said action any or all of said findings of the Maryland Court.

We are therefore of the opinion that the said defendant, Henry Henderson, is not estopped by the said probate proceedings in Maryland, or by anything therein contained, from claiming in said action of ejectment that said alleged will of said Caroline C. Pritchard is the valid last will and testament of the said Caroline C. Pritchard as to the lands specified in the consent rule, situate in the State of Delaware.

It is ordered that the Prothonotary certify this opinion to the Superior Court for New Castle County.