16469

COLLINS *ET AL.* v. COLLINS *ET AL.*
(63 S. E. (2d) 811)

*Messrs. Butler & Moore,* of Spartanburg, *for Appellants,*

*Messrs. Wyche, Burgess & Wofford,* of Greenville, *for Respondents,*

March 5, 1951.

Oxner, Justice.

The primary question involved on this appeal is whether the validity of the alleged will of the late Edwin M. Collins should be determined by the courts of North Carolina, the State of his domicile, or by the courts of South Carolina, in which a part of his personal estate was located. It arises in a proceeding wherein it is sought to enjoin two of the heirs-at law of decedent residents of South Carolina, from prosecuting an action instituted in the courts of North Carolina, and now pending there, for the purpose of having the purported will declared invalid upon the grounds of testamentary incapacity and undue influence. The case comes before us on an appeal from an order of the Court below denying an injunction *pendente lite*.

Edwin M. Collins, while domiciled in North Carolina, died on March 18, 1949. For several years prior to his death, he had been a resident of Lumberton, Robeson County, in that State. He owned no real property. His personal estate, consisting of various assets located in both North and South Carolina, amounted to approximately $200,000.00. The bulk of the South Carolina property consisted of the merchandise and fixtures contained in two stores which the decedent operated at Greer and Walhalla. He left a purported will, executed on February 24, 1949, wherein he gave all of his property, after the payment of various legacies aggregating $9,-500.00, to his wife, Mary Hudgens Collins, and appointed his brother, Harold A. Collins, and his brother-in-law, T. K. Hudgens, as executors. The testator directed that the executors continue the operation of the two stores at Greer and Walhalla until the estate was finally administered, unless requested in the meantime by his wife to sell and liquidate same. Most of the legatees named in the alleged will

are residents of South Carolina. One of the executors resides in North Carolina and the other in South Carolina.

The purported will was admitted to probate in common form by the Clerk of the Superior Court for Robeson County, North Carolina, on April 4, 1949, and the two executors named therein duly qualified. On April 9, 1949, authenticated copies of the will and the probate proceedings had in North Carolina were filed in the Probate Court for Greenville County, South Carolina, in accordance with Sections 8936 and 8948 of the Code of 1942. The will was thereupon admitted to probate in common form by the Probate Judge of Greenville County and the executors duly qualified under the laws of this State. In accordance with the terms of the will, these executors operated the stores at Greer and Walhalla for almost a year when they were sold upon the request and with the consent of the decedent's widow. Most of the assets of the estate have now been liquidated and reduced to cash. It is stated in the briefs that during the administration of the estate the executors, apparently without authority from the North Carolina Court, brought some of the North Carolina assets or the cash realized therefrom into South Carolina.

On April 10, 1950, William A. Collins, a brother of decedent, filed a demand in the Probate Court for Greenville County that the will be proved in solemn form. On April 21, 1950, the executors filed an appropriate petition for that purpose. The Probate Judge thereupon issued the usual summons directed to all those to whom the estate would have been distributed if the decedent had died intestate. The four beneficiaries under the will who lived in South Carolina were also made parties. The heirs-at-law consisted of the widow, a number of brothers and sisters, and a nephew, some of whom resided in South Carolina, some in North Carolina, one in Florida and one in the District of Columbia. Service on all parties was completed within a few weeks after the petition was filed. On May 11, 1950, certain of the heirs-

8

at-law, including Robert L. Collins and William A. Collins, brothers of the decedent, interposed a demurrer to the petition wherein they challenged the jurisdiction of the Probate Court of Greenville County to entertain the proceeding, contending that the validity of the will should be determined by the Superior Court of Robeson County, Norh Carolina. Reserving the jurisdictional question, they also filed an answer in which they again challenged the jurisdiction of the Court and further alleged that the will was invalid upon the grounds of testamentary incapacity and undue influence. A reply was duly filed by the executors in which they asserted that the Probate Court of Greenville County was the proper forum to determine the validity of the will. The jurisdictional questions were heard on June 14, 1950, by the Probate Judge for Greenville County, who took the matter under advisement and has not yet rendered a decision.

On June 9, 1950, Robert L. Collins and William A. Collins, along with certain other heirs-at-law of the decedent, filed appropriate caveat proceedings in the Superior Court of Robeson County, North Carolina, in which they attacked the validity of the purported will. Upon the filing of said caveat, said Court issued a citation directed to the executors, the beneficiaries under the will and the heirs-at-law of the decedent. This proceeding is now pending in that Court.

On June 27, 1950, this action was instituted in the Court of Common Pleas for Spartanburg County by the executors, the widow of the decedent, and several of the legatees named in the will against Robert L. Collins and William A. Collins for the purpose of enjoining the defendants from prosecuting the caveat proceedings instituted by them and some of the other heirs-at-law in North Carolina and of requiring the defendants to withdraw the caveat filed by them in the North Carolina Court. It was alleged in the complaint that the Probate Court of Greenville County had exclusive jurisdiction to determine the validity of the alleged will, and that if such jurisdiction was not exclusive, it would be unjust and

inequitable to permit the defendants to further prosecute the proceedings pending in North Carolina. The defendants filed a demurrer, answer and return in which they asserted that the Superior Court of North Carolina was the proper tribunal to determine all issues relating to the validity of the will, and that under no circumstances would the Probate Court of Greenville County have jurisdiction to pass upon the validity of the will in so far as the assets in North Carolina were concerned. The matter came before the Court below on a rule to show cause why an injunction *pendente lite* should not issue. The matter was heard on the pleadings and a number of affidavits and documents offered by the parties. The Court concluded that the relief sought was not warranted and denied the application for an injunction *pendente lite*. The plaintiffs gave due notice of intention to appeal to this Court, after which they applied to and obtained from the Chief Justice an order restraining the defendants from further prosecuting the action in North Carolina until the appeal was heard and decided by this Court.

There are 29 exceptions which appellants' counsel say embrace 23 questions, but we do not think it is necessary to decide all of them.

It is apparent that appellants seek an extraordinary form of relief. Their obvious purpose is to prevent the determination of the validity of the will by the courts of decedent's domicile and to have that issue determined by the courts in the ancillary jurisdiction. In considering whether appellants are entitled to the relief sought, it is well to keep in mind the following well established principles:

(1) Every state has plenary power with respect to the administration and disposition of the estates of deceased persons as to all property of such persons found within its jurisdiction. *State of Iowa v. Slimmer,* 248 U. S. 115, 39 S. Ct. 33, 63 L. Ed. 158; *Riley v. New York Trust Co.,* 315 U. S. 343, 62 S. Ct. 608, 86 L. Ed. 885. But in the absence of a statute otherwise providing, the validity

of a will is governed, as to personal property, by the law of the testator's last domicile. 68 C. J., Wills, Sections 8 and 251; 11 Am. Jur., Conflict of Laws, Section 169; Restatement, Conflict of Laws, Sec. 306. This general rule has been consistently followed in South Carolina. *Bradley v. Lowry,* Speers' Eq. 1; *Stent v. McLeod,* 2 McCord Eq. 354; *Lamar v. Scott,* 3 Strob. 562; *Fuller v. S. C. Tax Commission,* 128 S. C. 14, 121 S. E. 478. In *Lamar v. Scott, supra,* the Court said: "It is the law of most, if not all civilized nations, that personal estate, being in legal contemplation at least in attendance on the person of the owner, is regulated as to its mode of transmission from one person to another by the law of the country where the owner had his domicile at the time. So universally is this the law that some writers have considered it a part of the international law."

(2) Inasmuch as the law of the domicile must control in the succession or distribution of personal property, the administration there granted is deemed the principal or primary one, "to which all foreign administrations, granted by reason of personal assets being found at the death of the decedent in a state foreign to that of the domicile, are, in some sense, a degree subordinate." *Cureton v. Mills,* 13 S. C. 409. All the authorities "recognize some degree of subservience on the part of the ancillary administration to the administration of the domicile." *Cureton v. Mills, supra.* However, there is no privity between the primary and ancillary administrations; they are independent of each other. "Each portion of the estate must be administered in the country in which possession is taken and held under lawful authority." *Graveley v. Graveley,* 25 S. C. 1.

(3) An ancillary representative holds title only to such property as may be found within the territorial limits of the state in which he is appointed. He has no authority whatever over assets situated elsewhere. No executor or administrator has authority beyond the limits of the state in which he receives his appointment. *Dial v.*

*Gary,* 14 S. C. 573; *Stevenson v. Dunlap,* 33 S. C. 350, 11 S. E. 1017; *Wolfe, Adm'r v. Bank of Anderson,* 123 S. C. 208, 116 S. E. 451.

(4) After there has been full administration in the ancillary jurisdiction, "the ancillary administrator, under the law of nations, resting upon comity and broad principles of justice, may transmit the residuum to the administrator of the domicile, to be there disposed of according to the law of the domicile." *Jones v. Jones,* 39 S. C. 247, 17 S. E. 587, 591, 802. However, under special circumstances this procedure need not be followed. *Graveley v. Graveley, supra.*

(5) There is no question as to the power of a court of equity, where it has jurisdiction of the cause and of the parties, to enjoin a person from commencing or prosecuting an action in another state. The courts in such cases do not undertake to direct or control the foreign court but the decree is solely *in personam* against the persons enjoined. But the question of the propriety of exercising such power is one of great delicacy, and "must be considered and handled with much nicety." *Marchant v. Wannamaker,* 176 S. C. 369, 180 S. E. 350, 353. "On general principles and on grounds of comity, the power is sparingly and reluctantly exercised, and the relief is not granted except for grave reasons and under very special circumstances." 28 Am. Jur., Injunctions, Section 207. A Court of Equity has a wide discretion in a matter of this kind.

In the light of the foregoing principles it is clear that the Court below properly refused to enjoin respondents from prosecuting the action pending in North Carolina. Certainly the North Carolina Court is the proper tribunal to determine the validity of the will in so far as it affects property owned by decedent in that state. The executors by virtue of their appointment in South Carolina acquired no title to that property and are without authority to interfere with it in any manner. It would be an anomaly for

the courts of the ancillary jurisdiction to take any action which might have the effect of defeating or impairing the jurisdiction of the courts of decedent's domicile. Counsel for appellants say that the question is controlled by *Marchant v. Wannamaker, supra.* The Court there upheld an order restraining a receiver of a National bank from prosecuting an action in the United States District Court involving the same subject matter and substantially the same issues as those involved in an action previously instituted by the receiver in the state court. The two courts had concurrent jurisdiction of the subject matter and the parties. That case has no application here. The Probate Court of Greenville. County cannot be said to have concurrent jurisdiction over the assets in North Carolina. Indeed, the courts of this state have no jurisdiction over the assets owned by decedent in that State.

The suggestion is made that it would be expensive for the executors to litigate the validity of the will in North Carolina and that the convenience of witnesses and the ends of justice would be promoted by a trial of the issues in the Probate Court for Greenville County. While the will was executed in South Carolina three or four weeks before the death of the decedent and doubtless there will be material witnesses residing in this state, it also appears that there will be witnesses who reside in Philadelphia, where decedent died, and at Lumberton, North Carolina, where he resided. In any event, under the circumstances of this case, these considerations are insufficient to justify granting the unusual relief sought in this case. It is also asserted that the South Carolina forum is more advantageous to the executors because of the differences in the rules of evidence and the statutes governing costs and attorneys' fees. Ordinarily these are not matters warranting injunctive relief. 28 Am Jur., page 398; Annotation 25 L. R. A. (N. S.), page 270. The decedent chose his domicile in North Carolina and no good reason appears why the validity of his will should not be determined by its laws.

We shall next consider appellants' plea of estoppel. As heretofore pointed out, on April 10, 1950, respondent William A. Collins filed a demand in the Probate Court for Greenville County that the will be proved in solemn form, which appellants say has the effect of estopping him from either questioning the jurisdiction of the Probate Court of Greenville County or invoking the jurisdiction of the North Carolina Court. It is further claimed that in filing this demand he was also acting as agent of respondent Robert L. Collins and certain of the other heirs-at-law, thereby extending the estoppel to them. The alleged agency has not been satisfactorily established. We need, therefore, only consider the plea of estoppel as to William A. Collins.

Respondents found themselves in this dilemma: They desired to contest the validity of the will. It is apparently conceded that they had a period of seven years from the time of probate to file a caveat in North Carolina. Appellants state in their brief: "If no demand had been filed in this state within one year, then the will of the testator would have become finally valid, certainly as to South Carolina assets, and no subsequent adjudication in North Carolina could affect that finality as to assets here." William A. Collins filed this demand on the last day allowed by statute. Had he not done so, he would have incurred the risk of being precluded from thereafter attacking the validity of the will in the Probate Court of Greenville County. Assuming, without deciding, that he voluntarily invoked the jurisdiction of the Probate Court of Greenville County, the principle of estoppel could not extend beyond the jurisdiction of that Court, which had no authority over the assets in North Carolina, the state of decedent's domicile. We think it is clear that William A. Collins is not estopped from invoking the jurisdiction of the North Carolina Court. An interesting discussion of the applicable principles will be found in *Pritchard v. Henderson,* 2 Pennewill, Del., 553, 47 A. 376.

We shall now undertake to determine the effect of Section 8936 of the Code of 1942, which is as follows: "If a will

be regularly proved in any foreign court, an exemplification of such will may be admitted to probate in this State upon the exemplification and certificate of the judge of the court of probate; and the exemplification shall also be evidence of the devise of lands in this State where the title of land comes in question; provided, that if the will be not proved in solemn form, the parties interested against the will shall not be concluded by such probate, but may examine witnesses as to the sanity of the testator, or as to any fraud or imposition practiced upon him in obtaining the will; and the other side may apply for an order to perpetuate testimony in support of the will."

In several jurisdictions having substantially similar statutes, the courts have suggested, but apparently not determined, the interesting question as to whether such a statute contemplates an adjudication of the validity of the will only so far as it relates to real estate in the ancillary jurisdiction. *Evansville Ice & Coal Storage Co. v. Winsor,* 148 Ind. 682, 48 N. E. 592; *Woodville v. Pizzati,* 119 Miss. 442, 81 So. 127. While the question is not free from difficulty, we are inclined to think that this statute authorizes any interested party, under proper circumstances, to contest the validity of a foreign will admitted to probate in common form in this state even though the property situated in this state consists only of personalty, but we do not think it was intended to give jurisdiction to the courts of this state to determine the validity of a foreign will in so far as it relates to personal property located in the state of the testator's domicile. Of course, the statute clearly contemplates, certainly as to personal property situated in this state, that if a foreign will has been proved in solemn form in the courts of decedent's domicile, such an adjudication would be conclusive here.

Having reached the conclusion that the Probate Court of Greenville County had jurisdiction to determine the validity of this will in so far as it affects personal property owned by decedent in this state, the question re-

mains as to whether upon the grounds of comity and due respect for the laws of a sister state, this power should be exercised under the circumstances of this case. In determining this question, it is proper to inquire as to the view taken by the courts of North Carolina in a matter of this kind. Under the case of· *McEwan v. Brown,* 176 N. C. 249, 97 S. E. 20, 23, if the decedent Collins had been domiciled in South Carolina, the courts of North Carolina would have left the determination of the validity of his will to the courts of this State. The rule followed in North Carolina is stated in that case as follows: "As to personal property, as a general rule, it follows the person of the owner, and a will held valid in the state of his domicile transfers the title thereto, not only as to the personalty there, but as to personalty here, subject only to liability for debts due to the citizens of this state, and a will of personalty duly probated under the laws of the domicile will not be questioned here when the probate is valid on its face. In such case those seeking to caveat the will on the ground of incompetency of the testator or undue influence or insufficiency of probate (not disclosed on its face) should proceed in the court of the domicile."

We think that ordinarily where there is a contest as to the validity of a will transmitting personal property located in two or more states, the courts in the ancillary jurisdiction should stay any proceedings instituted there affecting the validity of the instrument until the courts of the domiciliary jurisdiction have had a reasonable opportunity to determine the question, particularly where a similar rule is followed by the courts of the testator's domicile. Such a policy gives effect to the well established principle that unless provided otherwise by statute, the devolution of movables in both testate and intestate succession is determined by the law of the state of the domicile of the decedent at the time of death. The suggested procedure eliminates much confusion, embarrassment and conflict between the courts of the several states. It is that adopted by the American Law Institute in the Restatement of Conflict of Laws, as shown by

Secion 470(1), which is as follows: "A judgment in administration proceedings by a competent court in the state of domicile will be followed by the courts in other states in so far as the judgment relates to movables." Comment (c) on this subsection is: "If probate proceedings are pending in the domicile, the court of another state will ordinarily postpone action until the domiciliary court has adjudicated the validity of the will."

There may be exceptional circumstances in some cases which would warrant a departure from the foregoing rule but we find none here. The proceedings to prove the will in common form in the Probate Court of Greenville County were commenced only a short time prior to the filing of the caveat proceedings in North Carolina. There is no showing before us that a prompt decision may not be had in North Carolina or that the issue may not be fairly tried in that jurisdiction. No public policy of this State is involved. No good reason now appears why, on principles of comity and a consideration of the proprieties of the occasion, we should not accept the determination made in North Carolina. Of course, should circumstances hereafter arise which would make is unjust or inequitable to further postpone the proceedings in the Probate Court of Greenville County, due application may be made to proceed with the contest pending in that Court.

It is held in a number of jurisdictions that an adjudication by the courts of the testator's domicile as to the validity of his will is, under the full faith and credit clause of the Federal Constitution, conclusive upon the courts of other states in so far as personal property is concerned. *Lee v. Moncks,* 318 Mass. 513, 62 N. E. (2d) 657; 57 Am. Jur., Wills, Section 956, Annotation 13 A. L. R., page 506. But whether conclusive or not, we think that ordinarily recognition should be given to such judgment upon principles of comity.

It does not follow from the views herein expressed that the ancillary administration in this state must stop. We have

only held that the proceedings instituted here involving the validity of the will should be postponed until the courts of North Carolina have had an opportunity to determine that issue. It is proper to proceed with the ancillary administration. After there has been a final administration and accounting of the assets in this state, it can then be determined whether the residue should be transmitted to the courts of North Carolina for distribution or whether such residue should be distributed under the direction of the Probate Court of Greenville County. Of course, the distributees cannot be determined until the validity of the will is adjudicated.

The order appealed from is affirmed.

FISHBURNE, STUKES and TAYLOR, JJ., and L. D. LIDE, Acting Associate Justice, concur.