22469

James Colin ATKINS, Jr., as Executor under the Last Will and Testament of James Colin Atkins, Appellant v. Alice Nell Dull ATKINS, Respondent.

(340 S. E. (2d) 537)

Supreme Court

*Albert L. Moses,* of *Lumpkin & Sherrill,* Columbia, *for appellant.*

*Linda Weeks Gwin,* of *Thompson, Henry & Gwin,* Conway, *for respondent.*

Submitted Nov. 6, 1985.

Decided Feb. 10, 1986.

*Per Curiam:*

This appeal is from a circuit court order affirming a probate court order that revoked the decedent's will as to all personal property and the real property situated in South Carolina. The probate court held that respondent Alice Atkins, the decedent's wife, was entitled to one-third of his property by intestacy. We affirm.

The parties stipulated the facts as follows. In 1976, while domiciled in Virginia, the decedent executed this will. He married Alice Atkins four years later. They were domiciled in South Carolina when decedent died in 1984. The will does not expressly provide that it was made in contemplation of marriage and it makes no provision for the decedent's wife. The decedent was survived by his wife and two children from a prior marriage.

Pursuant to S. C. Code Ann. § 21-7-220 (1976), a subsequent marriage revokes a will unless the will expresses on its face that it was made in contemplation of marriage and provides for the future wife. *Jackson v. Cannon,* 266 S. C. 198, 222 S. E. (2d) 494 (1976). The sole issue on appeal is whether South Carolina law applies to determine revocation of the will.[1]

The validity of a will as to personal property is determined by the law of the testator's last domicile. *Collins v. Collins,* 219 S. C. 1, 63 S. E. (2d) 811 (1951); *Bradley v. Lowry,* 17 S. C. Eq. (Speers Eq.) 1 (1842). The inheritance of real property is determined by the law of the real property's situs. *Lamar v. Scott,* 34 S. C. L. (3 Strob.) 562 (1849).

Because South Carolina was the decedent's last domicile and is the situs of the real property, South Carolina law

---

[1] Under Virginia Law, a subsequent marriage does not revoke a will. Va. Code Ann. § 64.1-58.

clearly applies to determine the validity of these provisions in the will. The probate court and the circuit court therefore correctly applied S. C. Code Ann. § 21-7-220 (1976) to revoke the will and properly divided the property according to South Carolina intestacy law. *See* S. C. Code Ann. § 21-3-20(1) (1976).

Accordingly, the judgment below is affirmed.